UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 5132**

--------------------------------------------------------------X

MIRIAM SNYDER          TRIAL BY JURY DEMANDED

PLAINTIFF,

CASE NO.

-V-



DANIEL E. BERCE, INDIVIDUALLY AND AS
PRESIDENT AND CHIEF EXECUTIVE OFFICER
OF GM FINANCIAL AND GM FINANCIAL,
SUBSIDIARY OF GENERAL MOTORS HOLDINGS LLC

DEFENDANTS,

--------------------------------------------------------------X

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FDCPA AND THE FCRA

### I. NATURE OF ACTION

1. Plaintiff, Miriam Snyder, hereby files this complaint, individually against Defendants, GM Financial a subsidiary of General Motors Holdings LLC and Daniel E. Berce, individually and as Chief Executive Officer of GM Financial (hereinafter Defendants) for actual and statutory damages for defendants repetitious violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.*; Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq.*, as well for violations of the New York General Business Law § 349, § 380-B and for Invasion of Privacy.

2. All of the above noted laws prohibit Defendants from engaging in abusive, deceptive,

1

and unfair practices.

3. The Defendants have maliciously and willfully defamed Plaintiff's credit worthiness based on impermissible credit inquiring, coupled with multiple invasions of Plaintiff, Miriam Snyder's personal privacy by their illegal efforts in inquiring in Plaintiff's credit report without cause or reason.

4. Plaintiff files this complaint regarding Defendants ongoing, and unregulated misrepresentations, abuse, and harassing practices embedded in lowering Plaintiff's credit score by impermissibly inquiring on such without valid cause or reason.

5. Plaintiff Snyder seeks federal and statutory, actual, monetary and punitive damages, costs and attorney/administrative fees for Defendants violations of the above laws, as well as, cost for preparing and filing this law suit. Plaintiff seeks an Order or injunction issued by this Court stopping Defendants from continuing its impermissible inquiry notation on Plaintiff's credit report defined as a bonafide credit reporting scheme to oppress in violation of each and every consumer protection law noted below.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p; 15 U.S.C. § 1692k(d); 28 U.S.C. § 1337; New York GBS. Law § 349, § 380-B, and supplemental jurisdiction exists for claims pursuant to 28 U.S.C. § 1331.

7. This court has jurisdiction as the Plaintiff resides in the County of Bronx State of New York, and the acts complained of herein occurred in this County, and the Defendants transact business here in New York.

8. This court has jurisdiction because the Defendants violated New York General Business Law § 349, and § 380-B, as the Defendants acts in this county gave rise to the causes of action asserted herein.

9. This court has jurisdiction according to New York General Business Law § 349, and § 380-B, as the Defendants engage in business in this State, furnishing consumer information to consumer reporting agencies and its business in this State gives rise to the causes of action asserted herein.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391b (1), in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

11. All conditions precedent to the bringing of this action have been performed, waived or excused.

### III. PARTIES

12. Plaintiff, Miriam Snyder is a natural person residing in Bronx New York. Although the plaintiff is not liable to Defendants, the plaintiff is a "consumer" as defined in FDCPA 15 U.S.C. §1692a (3) and FCRA 15 U.S.C. § 1681a(c).

13. Upon information and belief, the Defendant GM Financial is a subsidiary of General Motors Holdings LLC, doing business in New York with its principle place of business located at: 801 Cherry St., Fort Worth, TX, 76102.

14. Upon information and belief, the Defendant Daniel E. Berce is the President and Chief Executive Officer of GM Financial, a subsidiary of General Motors Holdings LLC., and

his office is located at: 801 Cherry St., Fort Worth, TX, 76102. As Chief Executive Officer, he is responsible for the supervision of GM Financial business practices. As such, he is included individually in this law suit for the liability of the FDCPA and FCRA violations as noted below.

15. Defendants are furnishers of consumer information to consumer reporting agencies within the meaning of FCRA, 15 U.S.C. 1681s-2 *et seq*.

### IV. FACTS

16. June 2013 Plaintiff obtained her consumer credit reports from the three credit reporting agencies and found an impermissible inquiry by GM Financial Defendants on her Transunion credit report. The Defendants impermissible inquiry was dated September 13, 2012. Please see exhibit 1, pg 2, The Transunion credit report with the impermissible inquiry by GM Financial.

17. At no time did the Plaintiff grant to Defendants consent to obtain her credit report from any credit reporting agency, nor does the Plaintiff have any kind of relationship with the Defendants as defined under FCRA § 1681b(3)(A)-(E).

18. June 2013, Plaintiff sent a letter to the Defendants via email and fax. Please see exhibit____. Plaintiff requested a general or specific certification as to what permissible purpose they may have had when they obtained the Plaintiff's credit report, to prove and validate everything that they are claiming.

19.     The Defendants responded but their impermissible inquiry continues to linger on Plaintiffs credit report and further damage her credit worthiness status.  The Defendants

response letter is attached as exhibit __3__. The Defendants' letter denied GM Financial Inquiry on Plaintiffs credit record while the attached Transunion credit report exemplifies GM Financial inquiry on Plaintiff's Transunion credit report.

20. The defendants failed to provide the evidence that Plaintiff requested, so based on the evidence at hand, Defendants did not have a lawful purpose for requesting, and obtaining, and using the Plaintiff's consumer credit report from Transunion September 2012, and did not have the Plaintiff's "express written permission" to do such.

21. The Defendant's failure to comply with the Fair Credit Reporting Act (FCRA) when they obtained and used Plaintiff's Transunion consumer credit report on September 13, 2012, was willful and intentional as contemplated under 15 U.S.C. § 1681n.

22. In the alternative, the Defendant's failure to comply with the Fair Credit Reporting Act (FCRA) when they obtained and used Plaintiff's Transunion consumer credit report on September 13, 2012 was negligent, as contemplated under 15 U.S.C. § 1681o.

23. Discovery of the violations brought forth herein are within the statute of limitations as defined by FCRA, 15 U.S.C. § 1681p(1); FDCPA, 15 U.S.C. § 1692; and TCPA, 47 U.S.C. § 227 et seq.

24. Plaintiff sent a second letter to the defendants seeking the Defendants to remove their impermissible inquiry. On June 24, 2013, Plaintiff mailed a Notice of Intended Litigation to Defendants this was another attempt to have the defendants mitigate damages and reach a settlement for their violations before taking civil action against the Defendants and to spare judicial resources.

31. The Defendants action in obtaining the Plaintiff's Transunion consumer credit report on September 13, 2012, with no permissible purpose was an impermissible act and a clear violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f).

32. The Defendants were required pursuant to FCRA § 1681q, to refrain from obtaining consumers reports from credit reporting agencies.

33. There was no account that the Defendants had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

34. At no time have the Defendants ever indicated what possible justification they may have had for obtaining Plaintiff's credit report, despite plaintiff requesting such several times.

35. The Defendants had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendants breached said duty by failing to do so. The Defendants breach has harmed the Plaintiff and Plaintiff seeks the removal of the impermissible inquiry as well as monetary relief.

36. Based on the Defendants very own negligence, abuse of assumed authority and without the permission and consent of the Plaintiff to do so, the Defendant obtained Plaintiff's Transunion consumer credit report.

37. As a result of the Defendants conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, credit denials and lowering of credit lines.

38. Without a permissible purpose or Plaintiff's consent the Defendants conduct by obtaining the Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15

U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

## VI. SECOND CLAIM FOR RELIEF

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 FOR NEGLIGENT NON-COMPLIANCE BY GM FINANCIAL DEFENDANTS

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     The Defendants' action in obtaining the Plaintiff's Transunion consumer credit report on September, 2013, with no permissible purpose was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

41. As a direct and proximate result of Defendant's violations of the FCRA, Defendants are liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

### VII. THIRD CLAIM FOR RELIEF

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 BY GM FINANCIAL DEFENDANTS

42.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendants are working as debt collectors within the meaning of FDCPA, 15 U.S.C. 1692a (6).

44. Congress enacted the Fair Debt Collection Practices Act to stop the use of abusive, deceptive and unfair debt collection practices by debt collectors,  pursuant to 15 U.S.C. § 1692(a).

45. A debt collector may not "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Nor may a debt collector "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

46. The Defendants willfully violated 15 U.S.C. § 1692 e (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. By obtaining the Plaintiff's credit report on the following date, September 13, 2012, for no purpose, where no underlying transaction ever took place between Plaintiff and the unknown Defendants, such was done in direct violation of 15 U.S.C. § 1692e(10).

47. At minimum, Defendant Daniel E. Berce, Chief Executive officer of  GM Financial knew or should have known that inquiring into the Plaintiff's credit report without the prior authorization of the Plaintiff is a direct violation of 15 U.S.C. § 1692e(10) as no business relationship exists between the Plaintiff and the unknown Defendants.

48.  The Defendants violated 15 USC Section 1692c (b) by contacting a third party, Transunion credit reporting agency, without the Plaintiffs prior consent.

49. The actions of Defendants in inquiring on the consumer credit report of Snyder with no permissible purpose and without express consent exemplifies willful violations of the above FDCPA laws with emphasis on  § 1692 d,  conduct the natural consequence of which is to harass, oppress, or abuse any person.

50. Defendants willfully communicated and publicized their financial services on Plaintiff's credit report in violation of FDCPA § 1692 d and § 1692 e(10).

51. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e (2)(A), 1692e (10) and 1692 f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

A. Posting an impermissible inquiry on Plaintiff's credit report which effectuated harm in her credit worthiness and multiple unwarranted auto loan denials;

B. Producing and filing false statements on Plaintiffs credit report alleging consent for an inquiry existed when in fact it does not;

C. Falsely claiming a GM Financial  Defendants account or contract exists when in fact no such nexus exists;

D. The defendants violated 15 U.S.C. §1692f in that their actions were an unfair and/or unconscionable means to collect a debt for the reasons set forth in the paragraphs immediately preceding.

52. As a direct and proximate result of Defendant's violations of the FDCPA, Defendants are liable to the Plaintiff for judgment that defendants conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages and cost and attorney/administrative fees.

## VIII. FOURTH CLAIM FOR RELIEF

## VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349, § 380-B, § 399-P, ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS BY BY GM FINANCIAL DEFENDANTS

53. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Under New York General Business Law § 349, deceptive acts or practices in the conduct of any business trade or commerce or in the furnishings of any service in this state of New York are hereby declared unlawful.

55. As a direct and proximate result of the Defendant's deceptive acts and practices, in violation of General Business Law § 349, § 380-B, Plaintiff was damaged in that, among other things, suffered stress, anxiety, lowered credit score, credit denials, embarrassment, and indignation as a result of the abusive practices and actions of the Defendants.

56. Under New York General Business Law § 380-B, Permissible dissemination the consumer reporting agency may furnish a consumer report under the following circumstances and no other.

57. In accordance with the written instructions of the consumer to whom it relates, or to a person whom it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit.

58. Section § 380-L: Civil liability for willful noncompliance: Any person, firm, partnership, corporation, or association whose knowing and willful violation of section 380-s of this article resulted in the transmission or provision to a consumer reporting agency of information that would otherwise not have been transmitted or provided, and any consumer reporting agency or user of information who or which willfully and knowingly fails to comply with any requirement imposed under this article with respect to any consumer is liable to that consumer in an amount equal to the sum of:  (c) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

59. Section § 380-M: Civil liability for negligent noncompliance Any consumer reporting agency or user of information who or which is negligent in failing to comply with any requirement imposed under this article, other than a violation of section 380-t of this article, with respect to any consumer is liable to that consumer in an amount equal to the sum of:  (b) In the case of any successful  action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully prays that judgment be awarded in her favor against Defendant as follows:**

1. **Judgment that the Defendants conduct violated the FDCPA, FCRA, and the NY GBL laws cited above.**

2. **Actual Damages: Lower Credit Score, Credit Denials, Indignation, Pain, Suffering, Embarrassment, Humiliation, etc...**

3. **Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(b), 15 U.S.C. § 1681o;**

4. **Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);**

5. **Statutory and actual damages, trebled, pursuant to Article 25 § 380-o and NY GBL § 349;**

6. **Any Attorney's fees, Other fees and costs pursuant to 15 U.S.C. § 1681n(a)(3);**

7. **That Plaintiff recovers such other and further relief as is just and proper.**

**Dated: July 18, 2013**      **Respectfully Submitted,**

**By:** _____

**Miriam Snyder**
**3230 Cruger Avenue 6B**
**Bronx, New York 10467**
**Fax: 866-244-9823**
**mirisni@aol.com**

## DEMAND FOR JURY TRIAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIRIAM SNYDER


     PLAINTIFF,

                              CASE NO.

       -V-


DANIEL E. BERCE, INDIVIDUALLY AND AS
PRESIDENT AND CHIEF EXECUTIVE OFFICER
OF GM FINANCIAL AND GM FINANCIAL,
SUBSIDIARY OF GENERAL MOTORS HOLDINGS LLC

DEFENDANTS,
-----------------------------------------------------------------X
                  VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK    )
                      ) ss
COUNTY OF _Queens_  )


Plaintiff, Miriam Snyder hereby declares that the foregoing is true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have written and read the attached Verified Complaint and all of the facts contained therein are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.

14

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause them unnecessary delay, or to create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, Miriam Snyder, hereby declare that the foregoing is true and correct.

July 18, 2013

Dated: ~~June 24, 2013~~

By: _____

Miriam Snyder
3230 Cruger Avenue 6B
Bronx, New York 10467
Fax: 866-244-9823
mirisni@aol.com

SWORN TO BEFORE ME, MIRIAM SNYDER,
THIS 18th DAY, JULY 2013

NORMAN SAKOLSKY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA6188758
Qualified in Suffolk County
My Commission Expires June 16, 20_16

NOTARY

15

EXHIBIT 1   ~2 pages

The *Fair Credit Reporting Act* allows only authorized inquiries to appear on a consumers credit report.

3230 Cruger Avenue 6B
Bronx, NY 10467

Daniel E. Berce
**President and Chief Executive Officer**

June 13, 2013

**GM FINANCIAL,** Media@gmfinancial.com
801 Cherry Street, Ste. 3500
Fort Worth, TX 76102
Phone: 817-302-7000
Toll Free: 1-800-644-2297
Fax: 817-302-7897

Re:  Unauthorized Credit Inquiries

Dear Unauthorized Credit Inquirer:

Kindly note that while checking my personal credit report which I acquired from TRANSUNION, I noticed inquiries made by your organization.

The date of the inquiry was on: September 13, 2012.

If you believe that you possess sufficient documentation that supports your authorization to make the inquiry, I am requesting a general or specific certification as to what permissible purpose you may have had, please be kind enough to forward me a copy of that to my current address so that I may verify its validity. Please have this inquiry removed from my credit file because it is making it very difficult for me to acquire credit.

If I do not have confirmation that supports an authorized inquiry, then I will have no choice but to take all legal steps necessary to protect myself and you will be subject to a minimum fine of $1,000.00 for each violation.  You do not have my consent to call my phone number with an auto dialer and/or leave a prerecorded message.  All calls to this number are inconvenient.

Please contact me in writing at the above address via fax 866-244-9823 or email at mirisni@aol.com. You have five days from the date of this letter to respond as this unauthorized inquiry has caused me harm and injury. Thank you.

Respectfully submitted,

*Miriam Snyder*

_____
Miriam Snyder

**ATTACHED: TRANSUNION CREDIT REPORT INQUIRY SECTION**

## ATTACHED: TRANSUNION CREDIT REPORT INQUIRY SECTION

## GM FINANCIAL INQUIRY ON PLAINTIFF MIRIAM SNYDERS CREDIT REPORT



Page 3 of 27

Below are the names of people and/or organizations who have obtained a copy of your Credit Report. Inquiries such as these can remain on your credit file for up to two years.

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| PERFORMREC ✓ Other 4/17/2013 | | ✓ | |
| DCI CREDIT Miscellaneous Reptg. Agencies 4/16/2013 | | ✓ | |
| GECRB/PPEXTR Credit card and travel / entertainment companies 4/16/2013 | | | ✓ |
| GWINNETTPL F Automotive 4/1/2013 | ✓ | ✓ | ✓ |
| WHITE PLAINS Automotive 3/12/2013 | ✓ | | ✓ |
| GECRB/AMAZON Banks and S&Ls 11/0/2012 | | | ✓ |
| WEBBANK/BML National Credit Card Cos. 10/17/2012 | | ✓ | |
| REGIONAL ACCEPTANCE Personal Loans Cos. 9/13/2012 | | ✓ | |
| CAPITAL ONE Auto Financing 9/13/2012 | ✓ | ✓ | |
| KARP AUTOMOT Automotive 9/13/2012 | ✓ | | ✓ |
| GM FINANCIAL Finance, personal 9/13/2012 | | | ✓ |
| JPM CHASE Banks and S&Ls 9/13/2012 | | | ✓ |
| GATEWAY ONE Finance, personal 9/13/2012 | | | ✓ |
| COAF Finance, personal 9/13/2012 | | | |

https://partner.experiandirect.com/affinion/ReportView.aspx?section=all&oid=329450308      6/9/2013

# SRFAX

Open the attached file to view faxed document

**Transmission Status:**  Sent

**Sender:**  866-244-9823 (MIRISNI@AOL.COM)

**Fax Sent:**  Jun 13/13 05:45 PM

**To Fax Number:**  1 817-302-7897

**Remote Fax ID:**

**# of Pages:**  3

**Ref. Code:**

**Subject:**

## Preview of Page 1.

The *Fair Credit Reporting Act* allows only authorized inquiries to appear on a consumers credit report.

3230 Cruger Avenue 6H
Bronx, NY 10467
June 13, 2013

GM FINANCIAL
801 Cherry Street, Ste. 3500
Fort Worth, TX 76102
Phone: 817-302-7000
Toll Free: 1-800-644-2297
Fax: 817-302-7897

Re: Unauthorized Credit Inquiries

Dear Unauthorized Credit Inquirer:

Kindly note that while checking my personal credit report which I acquired from TRANSUNION, I noticed inquiries made by your organization

The date of the inquiry was on: September 13, 2012.

If you believe that you possess sufficient documentation that supports your authorization to make the inquiry, I am requesting a general or specific certification as to what permissible purpose you may have had, please be kind enough to forward me a copy of that to my current address so that I may verify its validity. Please have this inquiry removed from my credit file because it is making it very difficult for me to acquire credit.

If I do not have confirmation that supports an authorized inquiry, then I will have no choice but to take all legal steps necessary to protect myself and you will be subject to a minimum fine of $1,000.00 for each violation. You do not have my consent to call my phone number with an auto dialer and/or leave a prerecorded message  All calls to this number are inconvenient.

Please contact me in writing at the above address via fax 866-244-9823 or email at mirisni@aol.com. You have five days from the date of this letter to respond as this unauthorized inquiry has caused me harm and injury. Thank you.

Respectfully submitted,

Miriam Snyder

ATTACHED: TRANSUNION CREDIT REPORT INQUIRY SECTION

## EXHIBIT 2
## PLAINTIFF MAILED LETTER SEEKING SETTLEMENT

The *Fair Credit Reporting Act* allows only authorized inquiries to appear on a consumers credit report.

3230 Cruger Avenue 6B
Bronx, NY 10467
June 24, 2013

Daniel E. Berce
President and Chief Executive Officer
GM FINANCIAL, Media@gmfinancial.com
801 Cherry Street, Ste. 3500
Fort Worth, TX 76102
Phone: 817-302-7000
Toll Free: 1-800-644-2297
Fax: 817-302-7897

## NOTICE OF INTENT TO LITIGATE

Dear Daniel Berce:

I write and send this notice in response to the attached GM Financial letter dated June 20, 2013. I am glad to have been informed that GM Financial is going to delete the impermissible inquiry from my credit reports with all credit bureaus. However, violations have been committed and I have been harmed, injured and damaged based on the Fair Credit Reporting Act (FCRA) violations. My credit score has been lowered for over a year and I have been denied credit based on this impermissible inquiry.

To this end, **this notice is being sent prior to filing lawsuit as an opportunity to amicably cure GM Financial violations of applicable sections of the Fair Credit Reporting Act 15 U.S.C. § 1681; Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 as well as violations of the New York General Business Laws section §349,** *et seq.*

I regret to inform you that your company is now the target of a lawsuit due to an endless circle of grief this impermissible inquiry has caused me. **Your company GM Financial has violated the Fair Debt Collection Practices Act as well as the Fair Credit Reporting Act on multiple occasions as described in the forthcoming lawsuit and summarized below:**

A. **Invading my privacy;**
B. **NYS law recognizes consumers' right to be free from invasions of privacy and GM Financial violated state law as described in the forthcoming Complaint;**
C. **Congress explicitly recognized a consumer's inherent right to privacy in commercial matters in passing the Fair Debt Collection Practices Act.**

in passing the Fair Debt Collection Practices Act.

D. Consumers have a reasonable expectation of privacy in their solitude, seclusion, private concerns or affairs, and private financial information.

E. Without certification, your letters violate the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e (2)(A), 1692e (l0) and 1692 f by making false and misleading representations, and engaging in unfair and abusive practices.

F. Falsely claiming a GM Financial account or contract exists when in fact no such nexus exists;

G. GM Financial has posted on the credit report as if they have a contract or an account of the facts necessary to inquire, when in fact they do not;

H. Providing information to credit reporting agencies, while knowing or having reasonable cause to believe that the information was inaccurate;

I. Failing to notify Plaintiff in writing that your company put information on my credit report;

I have an extensive paper trail along with substantial proof of these violations. I am willing to settle this matter and save us both the aggravation of fighting this out in court.

I am willing to not file the lawsuit upon:
1. Monetary payment for the violations.
2. Deletion of all GM Financial inquiries from my credit file with the four national credit-reporting agencies.
3. Receipt of a letter stating the inquiry has been deleted and will be blocked from reappearing on my credit files.

I have been harmed by this impermissible inquiry. My credit score has been lowered and I have been denied credit.

If I do not hear from you within 7 days, from the date of this letter, a summons will be issued to you from the Southern District Court of New York. Attached is a copy of the prepared law suit.

Despite all, there is still time to settle this matter amicably if you respond within 7 business days, which is by July 4, 2013.

You may contact me at mirisni@aol.com or via fax at: 866-244-9823. I have tried on many occasions to settle this matter with no success while the law is clear.  I am being forced to litigate because I have been commercially injured.

If you wish to settle this matter, you may contact me at the address listed at the top of this letter. If you decline this offer of settlement, I will seek the full amount available in court including actual damages for the lowered credit score which effectuates humiliation, indignation and embarrassment. I look forward to your timely response. Thank you.

Sincerely,

Miriam Snyder, mirisni@aol.com

**Bronx, New York 10467**
**Fax: 866-244-9823**

*Exhibit 3. Defendants Response Letter.*

 GM Financial

P.O. Box 183581
Arlington, TX  76096-3581

June 20, 2013

Miriam Snyder
3230 Cruger Avenue 6B
Bronx, NY 10467

RE:  Inquiry Date: 9/13/2012

Dear Miriam Snyder:

Please accept this letter as formal notification that AmeriCredit Financial Services Inc. dba GM Financial ("GM Financial") has completed its investigation regarding an application submitted to GM Financial in your name.

GM Financial does not have any record of this application being submitted and our records do not indicate we made an inquiry. Therefore, we are requesting that the appropriate credit reporting agencies remove the above listed inquiry from your credit report in the event their records reflect an inquiry from us.  Please be advised it can take credit reporting agencies four to six weeks to update your credit report.

For any questions please contact the Customer Service Department at 1-800-284-2271.

Hours of Operation:
Monday through Thursday, 7:00 a.m. to 8:00 p.m. CT
Friday, 7:00 a.m. to 7:00 p.m. CT
Saturday, 7:00 a.m. to 4:00 p.m. CT

Sincerely,

GM Financial
Customer Service Department