**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

MIRIAM SNYDER,                                     Docket No.: 13cv5132

                                    Plaintiff,

    -against-                                       Justice Assigned:
                                                    Hon. J. Paul Oetken

DANIEL E. BERCE, INDIVIDUALLY AND AS
PRESIDENT AND CHIEF EXECUTIVE OFFICER
OF GM FINANCIAL AND GM FINANCIAL,
SUBSIDIARY OF GENERAL MOTORS HOLDINGS LLC,

                                    Defendants,
-------------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT
### OF DEFENDANTS' MOTION TO DISMISS

SIMMONS JANNACE, LLP
Attorneys for Defendants
DANIEL E. BERCE, IDNVIDICUALLY AND
AS PRESIDENT AND CHIEF EXECUTIVE OFFICER
OF GM FINANCIAL AND GM FINANCIAL, SUBSIDIARY OF
GENERAL MOTORS HOLDINGS LLC
**Office & P.O. Address:**
115 Eileen Way, Suite 103
Syosset, New York 11791
(516) 802-0630

Submitted By:
George C. Fontana, Jr., Esq.

# TABLE OF CONTENTS

                                                          **PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

FACTUAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT I
        Plaintiff's complaint fails to
        state a claim against the Defendants
        and must be dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A. Legal Standard for a Motion to
           Dismiss pursuant to 12(b)(6) . . . . . . . . . . . . . . . . . . . . 8

        B. Plaintiff's Claims Against Daniel
           E. Berce In His Individual and
           Professional Capacity Are Frivolous
           And Must Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT II
        Plaintiff's Claim Pursuant to the Fair
        Credit Reporting Act Fails Because the
        Defendants Had A Permissible Purpose
        To Access Plaintiff's Credit Report
        and thus Plaintiff's Complaint must be
        Dismissed as a Matter of Law . . . . . . . . . . . . . . . . . . . . 12

POINT III
        Plaintiff's Claim Pursuant to the Fair
        Debt Collections Practices Act must
        be dismissed because Defendant(s)
        cannot be considered a debt collector
        under 15 U.S.C. § 1692 . . . . . . . . . . . . . . . . . . . . . . . . . 17

POINT IV
        Plaintiff has failed to state a claim
        Against Defendant(s) for violation of N.Y. Gen
        Business Law §§ 349 and 380-B and 399-P . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

## TABLE OF AUTHORITIES

**Cases**

Advanced Conservation Sys. Inc.
v. Long Island Lighting Co.,
934 F.Supp. 53, 54 (E.D.N.Y.1996) ........................... 13

Airlines Reporting Corp. v. Aero Voyagers, Inc.,
721 F.Supp. 579, 585 (S.D.N.Y. 1989) ........................ 10

Ali v. Vikar Mgmt. Ltd.,
994 F.Supp. 492, 498 (S.D.N.Y. 1998) ........................ 20

Ashcroft v. Iqbal,
556 U.S. 662, 129 S.Ct. 1937, 1949,
173 L.Ed.2d 868 (2009) ....................................... 8

ATSI Communications, Inc. v. Shaar Fund, Ltd.,
493 F.3d 87, 98 (2d Cir. 2007) ............................... 7

Baker v. American Express Travel Related Serv., Inc.,
No. CIV.A. 02-26-JBC, 2002 WL 1205065, at
*2 (W.D. Ky. May 28, 2002) .................................. 16

Boule v. Hutton,
320 F.Supp.2d 132, 136-37 (S.D.N.Y. 2004) .................. 19

Care Envtl. Corp. v. M2 Techs., Inc.,
2006 WL 148913, at *6 (E.D.N.Y. Jan. 18, 2006) ............. 11

Doherty v. Citibank [ South Dakota ] N.A.,
375 F.Supp.2d 158, 161-162 (2005) .......................... 18

Edge v. Professional Claims Bureau, Inc.,
64 F. Supp. 2d 115, 117-18 (E.D.N.Y. 1999) ............. 14, 15

Estiverne v. Sak's Fifth Avenue,
9 F.3d 1171, 1173 (5th Cir. 1993) .......................... 14

Gartner v. Snyder,
607 F.2d 582, 586 (2d Cir. 1979) ........................... 12

Greenaver v. Sheridan-Brennan Realty Co.,
224 A.D. 199, 201, 229 N.Y.S. 719, 721
(4th Dep't 1928) ............................................... 10

Gross v Washington Mutual Inc.,
2007 WL 1404435 (S.D.N.Y., 2007) .......................... 20

Harris v. Mills,
572 F.3d 66, 72 (2d Cir. 2009) ............................... 8

In re NYSE Specialists Securities Litigation,
503 F.3d 89, 95 (2d Cir. 2007) ............................... 9

Kennedy v. Victoria's Secret Stores, Inc.,
No. Civ.A. 03-2691, 2004 WL 2186613, at *3 (E.D.
La. Sept. 29, 2004) ........................................... 15

Maurizio v. Goldsmith,
230 F.3d 518, 521 (2d Cir. 2000) ............................ 19

Marzluff v. Verizon Wireless,
151 Ohio App. 3d 733, 737,
785 N.E.2d 805, 808 (Ohio Ct. App. 2003) ................. 15

McLean-Laprade v. HSBC,
2013 WL 3930565, at *2 (N.D.N.Y. July 30, 2013) .............. 8

Michaels v. Lispenard Hold. Corp.,
11 A.D.2d 12, 12, 201 N.Y.S.2d 611,
614 (1st Dep't 1960) ......................................... 10

Monogram Credit Card Bank of Ga. v. Mata,
195 Misc.2d 96, 757 N.Y.S.2d 676 (2002) ................... 18

Morris v. New York State Dep't of Taxation,
82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993) ................... 10

Obabueki v. Int'l Bus. Machs. Corp.,
145 F.Supp.2d 371, 400 (S.D.N.Y. 2001) ................... 19

Phillips v. Grendahl,
312 F.3d 357, 368 (8th Cir. 2002) ........................ 14

Podell v. Citicorp Diners Club, Inc.,
914 F.Supp. 1025, 1035-36 & n. 3 (S.D.N.Y. 1996),
aff'd, 112 F.3d 98 (2d Cir. 1997) ......................... 19

Puma Indus. Consulting, Inc. v. Daal Assocs.,Inc.,
808 F.2d 982, 986 (2d Cir. 1987) ........................ 12

Scharpf v. AIG Marketing. Inc.,
242 F. Supp. 2d 455, 463 (W.D. Ky. 2003) ............... 15

Scott v Real Estate Finance Group,
183 F. 3d 97(2nd Cir. 1999) ........................... 14

Smith v. Local 819 I.B.T. Pension Plan,
291 F.3d 236, 240 (2d Cir. 2002) ...................... 7

Sodhi v. Mercedes-Benz Financial Services, USA, LLC,
F.Supp.2d, 2013 WL 3964080, at *4
(E.D.N.Y. July 31, 2013) ............................. 9

Somin v. Total Community Management Corp.,
494 F.Supp.2d 153 (E.D.N.Y. 2007) .................... 17

Trikas v Universal Card Services Corp.,
351 F.Supp.2d 37 (E.D.N.Y. 2005) .................... 16

Wang Labs, Inc. v. Dataword Corp.,
680 F.Supp. 110, 111 (S.D.N.Y. 1988) ................ 12

William Wrigley Jr. Co. v. Waters,
890 F.2d 594, 600-601 (2d Cir. 1989) ................ 11

Worthy v. New York City Hous. Auth.,
21 A.D.3d 284, 288, 799 N.Y.S.2d 518,
521 (1st Dep't 2005) ................................ 10

**Statutes and Rules**

CPLR 2103 [2] ....................................... 4

15 U.S.C. § 1681b ............................. 4, 5, 12, 13

15 U.S.C. § 1681b(a)(3) ............................. 14

15 U.S.C. § 1681(a)(3)(A) ........................... 15

15 U.S.C. § 1681(b)(3)(A) ........................ 13, 14

15 U.S.C § 1681Q ................................... 16

15 U.S.C § 1692 .............................. 4, 6, 18

15 U.S.C. § 1692(e) ....................................17, 18

15 U.S.C. § 1692e(10) .......................................18

15 U.S.C. § 1692(d) .........................................18

15 U.S.C. § 1692(f) .........................................18

15 U.S.C. § 1692a(5) ........................................17

15 U.S.C. § 1692a(6) ........................................17

Fed. R. Civ. Proc. 12(b)(6) ..............................8, 21

N.Y. Gen Business Law § 349  .............................6, 19

N.Y. Gen Business Law § 380-B  .............................19

N.Y. Gen Business Law § 399-p  ...................6, 19, 20, 21

## FACTUAL STATEMENT

On September 12, 2012, the plaintiff and Ms. Mazarine Levy visited the automotive dealership of Karp Automotive Inc. ("Karp"), located at 372 Sunrise Highway, Rockville Centre, New York 11570. (See Affidavit of Jonathan Hernandez, Paragraph 4). During her visit to the showroom, Plaintiff executed a Buyer's Order for a Used 2012 Nissan Altima, VIN 1N4AL2AP5CN461615 (the "Vehicle") in the amount of $20,618.52 with a check deposit reducing the amount to $20,118.52. (Id at 5). The buyer's order not only details the amount to be financed, but also grants the dealership authorization by the customer to seek vehicle financing for the customer with third party lenders. (See Exhibit D).

Plaintiff chose to place a down payment on the vehicle in the amount of $500.00 and have the dealership seek financing for the balance. (Id at 7)  The dealership accepted a personal check, number 128, from Ms. Mazarine Levy, plaintiff's friend who accompanied her to the dealership, for the $500.00 deposit. (Id at 7 and Exhibit E).

In connection with applying for credit to purchase the Vehicle, Plaintiff prepared an Applicant's Credit Statement. (Id at 8). After Plaintiff prepared the Applicant's Credit Statement, Karp forwarded plaintiff's application for credit to GM Financial to assist Plaintiff in getting a vehicle loan.

On September 13, 2012, Defendant GM FINANCIAL made a credit inquiry to TransUnion in consideration of processing plaintiff's application for a vehicle loan and to make a decision on whether to extend credit to the plaintiff. (See Affidavit of Mike Urrutia at paragraph 5). TransUnion reported the plaintiff's credit score, which ultimately resulted in Defendant GM FINANCIAL declining the plaintiff's request for credit. (Id at 5).

On September 13, 2012, Karp was notified that the plaintiff's application for a vehicle loan was denied by numerous vehicle finance lenders, including the Defendant GM Financial. (See Affidavit of Jonathan Hernandez at paragraph 10; See also Exhibit F). Additionally, on September 18, 2012, the deposit check of $500.00 was returned due to insufficient funds. (See Affidavit of Jonathan Hernandez at paragraph 11; See also Exhibit E).

Subsequently, on October 3, 2012, Karp sent a letter to the plaintiff advising her that Karp was unable to secure credit on her behalf to assist in her purchase of the Vehicle. The letter further informed the plaintiff of her credit score and the key factors that adversely affected her credit score, resulting in a denial of credit to purchase the Vehicle. (See Affidavit of Jonathan Hernandez at paragraph 12; See also Exhibit G a redacted copy of the October 3, 2012 letter).

2

As alleged in Plaintiff's complaint, sometime in June of 2013, Plaintiff obtained her Transunion consumer credit report. (See Complaint, paragraph 16). On June 13, 2013, after reviewing her credit report, Plaintiff alleges she sent a letter to Defendants via electronic mail and facsimile requesting information surrounding Defendant GM Financial's inquiry into Plaintiff's credit. (See Complaint, paragraph 18).

In response to her inquiry, Plaintiff alleges she received correspondence dated June 20, 2013 from an unidentified customer service representative of Defendant GM Financial. (See Complaint, paragraph 19; See also Plaintiff's Exhibit 3 annexed to the Complaint). The correspondence from the customer service representative indicated that after a cursory review of the records, Defendant GM Financial could not locate the alleged credit inquiry into Plaintiff's credit.

On June 24, 2013, Plaintiff also alleges she sent "Notice of Intended Litigation" to Defendants. (See Complaint, paragraph 24). In said correspondence, Plaintiff threatened GM Financial with a lawsuit unless the demands contained in her letter were met. (See Exhibit 2 annexed to Plaintiff's Complaint). Among other things, Plaintiff demanded "monetary payment" from

Defendant(s). (Id). Plaintiff further demanded Defendant(s) respond within seven days of the correspondence.[1]

On July 19, 2013, Plaintiff initiated the instant action. In Plaintiff's complaint, she alleges Defendant GM Financial's conduct in obtaining Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15, U.S.C. §1681b, a violation of the FDCPA 15, U.S.C §1692 and New York General Business Law. As detailed in the within motion, the allegations made by Plaintiff in the complaint are wholly without merit.

## PRELIMINARY STATEMENT

Plaintiff's complaint must be dismissed, as Plaintiff has failed to provide any proof that Defendants violated the FCRA, FDRCA or New York General Business Law. Plaintiff's complaint merely contains blanket assertions and conclusory allegations of violations committed by Defendants without any support. Plaintiff's complaint fails to state any viable claim for relief as against Defendants.

First, Plaintiff's claims against Daniel Berce the CEO in his individual capacity are frivolous. Berce is not individually or personally liable for the actions of GM Financial simply as a result of his employment within the entity. Plaintiff's

---

[1] It should be noted that Plaintiff allegedly mailed this letter from Bronx, New York to Fort Worth, Texas. Pursuant to the CPLR 2103 [2], service by mail must allow an additional five days for receipt. Thus, Defendants would not have even received said letter until Saturday June 29, 2013. Moreover, Plaintiff demanded Defendant(s) contact her by July 4, 2013, a recognized National Holiday.

complaint does not allege that he acted outside the scope of his employment or instructed GM Financial to impermissibly inquire into the Plaintiff's credit report for his own personal benefit. In fact, besides mentioning Mr. Berce's status as a "corporate officer" of GM Financial, Plaintiff's complaint is void of any allegations of conduct attributable to Mr. Berce in his individual capacity.

Moreover, Defendant GM Financial had a permissible purpose to access Plaintiff's credit report and thus did not violate the FCRA. To prove a violation of Section §1681b as alleged in Plaintiff's complaint, a plaintiff must show that credit information was obtained for an impermissible purpose. Plaintiff has failed to show Defendant GM Financial acted willfully or negligently in obtaining her credit report for an impermissible purpose. Defendant GM Financial made an inquiry into Plaintiff's credit in connection with Plaintiff's request for financing of a vehicle at Karp. A credit inquiry in connection with a business transaction is permissible under both the FCRA and New York General Business Law. Therefore, Defendant GM Financial had a permissible purpose to obtain Plaintiff's credit report. Such a showing of a permissible purpose is a complete defense to allegations of a violation of Section 1681 and thus Plaintiff's complaint must be dismissed.

As further evidence of the frivolous nature of the instant action, Plaintiff has alleged violations of the FDCPA and New York General Business Law that are inapplicable to the instant matter. First, Plaintiff alleges Defendants violated 15 U.S.C. 1692 of the FDCPA, which only applies to debt collectors in connection with attempting to collect a debt from a consumer. It is clear from the allegations in Plaintiff's complaint, even if deemed true for purposes of this motion, and the within motion that Defendants are not "debt collectors" nor does any "debt" exist between the parties. Thus, this portion of Plaintiff's claim is without any merit in law or fact.

Plaintiff's complaint also alleged a violation of New York General Business Law Section §399-p. This portion of Plaintiff's complaint is ludicrous, as Section §399-p solely governs telemarketing; the use of automatic dialing-announcing devices and placement of consumer telephone calls. Plaintiff's complaint does not allege receiving any contact directly from Defendants via telephone and thus Plaintiff's claim for a violation of this section is meritless.

Plaintiff has further failed to state a claim for a violation of N.Y. Gen Business Law § 349 by Defendants as Plaintiff did not plead willful or intentional impermissible acts by Defendants in connection with obtaining Plaintiff's credit report. Moreover, since the courts interpret the FCRA and

related New York statutes similarly, the points discussed above warranting the dismissal of the complaint for violations of the FCRA also warrant the dismissal of the claims for any state law violation.

Plaintiff has failed to state any ground upon which relief should be granted. Plaintiff's complaint failed to state a claim for any of the aforementioned violations. Defendants have not violated the FCRA, FDCPA or New York General Business Law in obtaining Plaintiff's credit report as Defendant GM Financial had a permissible purpose to obtain said report.

Thus, Plaintiff's complaint must be dismissed in its entirety.

**ARGUMENT**

**POINT I.  Plaintiff's complaint fails to state a claim against the Defendants and must be dismissed**

Conclusory allegations of wrongdoing contained in a complaint "will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002). The complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

As set forth below, plaintiff fails to meet this standard.

### A. Legal Standard for a Motion to Dismiss pursuant to 12(b)(6)

A party may move a court pursuant to Rule 12(b)(6) to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." McLean-Laprade v. HSBC, 2013 WL 3930565, at *2 (N.D.N.Y. July 30, 2013) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). In other words, "only a complaint that states a plausible claim for relief survives a motion to dismiss." See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

Although in considering a motion to dismiss under Rule 12(b)(6) "a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions." See id. (internal quotation marks

omitted).   Moreover,   a   court   "need   not   accord   legal conclusions,   deductions   or   opinions   couched   as   factual allegations   a   presumption   of   truthfulness."   <u>In   re   NYSE Specialists   Securities   Litigation</u>,   503   F.3d   89,   95   (2d   Cir. 2007)   (Sotomayor,   J.)   (internal   quotation   marks   and   alterations omitted).   See   also   <u>Sodhi   v.   Mercedes-Benz   Financial   Services,</u> <u>USA,   LLC</u>,   --   F.Supp.2d   --,   2013   WL   3964080,   at   *4   (E.D.N.Y.   July 31,   2013).

Here,   the   plaintiff   has   failed   to   state   plausible   claims under   the   Fair   Credit   Reporting   Act,   Fair   Debt   Collection Practices   Act   and   the   New   York   General   Business   Law.   As   such, the   defendants   are   entitled   to   an   order   dismissing   the plaintiff's   complaint,   with   prejudice,   in   its   entirety.

## B. Plaintiff's Claims Against Daniel E. Berce In His Individual and Professional Capacity Are Frivolous And Must Be Dismissed

Plaintiff's   claims   against   Mr.   Berce   are   frivolous,   since plaintiff   does   not   allege   any   conduct   attributable   to   him   in   his individual   capacity.   She   does   not   allege   that   he   acted   outside the   scope   of   his   employment   or   that   he   impermissibly   inquired into   the   Plaintiff's   credit   report   for   <u>his   own   benefit</u>.   There is   no   factual   allegation   whatsoever   sufficient   to   bring   Mr. Berce   into   this   lawsuit   in   his   individual   capacity.   The   law   is well   settled   that   Plaintiff   must   allege   something   more   than   mere status   as   a   corporate   officer   before   individual   liability   can

attach to Berce.   See Airlines Reporting Corp. v. Aero Voyagers, Inc., 721 F.Supp. 579, 585 (S.D.N.Y. 1989) (corporate officer could not be held liable for failure to supervise and prevent scheme); Worthy v. New York City Hous. Auth., 21 A.D.3d 284, 288, 799 N.Y.S.2d 518, 521 (1st Dep't 2005) (no individual liability for officer of corporation); Michaels v. Lispenard Hold. Corp., 11 A.D.2d 12, 12, 201 N.Y.S.2d 611, 614 (1st Dep't 1960) (same); Greenaver v. Sheridan-Brennan Realty Co., 224 A.D. 199, 201, 229 N.Y.S. 719, 721 (4th Dep't 1928) (same).

Mr. Berce has never spoken to or seen the plaintiff in his individual or professional capacity as President of GM Financial.   Furthermore, Mr. Berce has never handled the plaintiff's credit file or her request for credit or otherwise dealt with plaintiff in his individual or professional capacity. See Affidavit of Daniel E. Berce at 4, 5.

Plaintiff claims she is suing Mr. Berce in his "individual and as president and chief executive officer".   Thus, Mr. Berce could only be liable individually if plaintiff successfully pierces the corporate veil.   In Morris v. New York State Dep't of Taxation, 82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993), the Court of Appeals held:

> [P]iercing the corporate veil requires a
> showing that: (1) the owners exercised
> complete domination of the corporation in
> respect to the transaction attacked; and (2)
> that such domination was used to commit a

fraud or wrong against the plaintiff which
resulted in plaintiff's injury.

* * *

The party seeking to pierce the corporate
veil must establish that the owners, through
their domination, abused the privilege of
doing business in the corporate form to
perpetrate a wrong or injustice against that
party such that a court of equity will
intervene.

82 N.Y.2d at 141-142, 603 N.Y.S. at 810-811.

Here, there are no allegations that Mr. Berce exercised complete domination over GM Financial to wrongfully or fraudulently access plaintiff's credit report or disregarded corporate form for his benefit or to perpetuate an injustice. Plaintiff does not allege a single fact involving Berce. She does not cite any conversations, correspondence, memoranda or any other document involving him. She simply makes outrageous claims against GM Financial and includes Mr. Berce as a defendant to harass him. Thus, the claims against him must be dismissed. See William Wrigley Jr. Co. v. Waters, 890 F.2d 594, 600-601 (2d Cir. 1989) (piercing corporate veil clearly erroneous); Care Envtl. Corp. v. M2 Techs., Inc., 2006 WL 148913, at *6 (E.D.N.Y. Jan. 18, 2006) (dismissing claims against individuals on 12(b)(6) motion because there were no

allegations that individuals dominated the corporation to commit a fraud).[2]

**POINT II. Plaintiff's Claim Pursuant To The Fair Credit Reporting Act Fails Because The Defendants Had A Permissible Purpose To Access Plaintiff's Credit Report and Thus Plaintiff's Complaint Must Be Dismissed As A Matter Of Law**

Plaintiff's complaint must be dismissed as Plaintiff has failed to state a valid claim for a violation of the Fair Credit Reporting Act (hereinafter "FCRA"). FCRA is a federal consumer protection statute enacted by Congress to ensure that consumer reporting agencies adopt reasonable procedures to protect the accuracy and confidentiality of consumer credit information. See 15 U.S.C. § 1681b. Plaintiff has alleged that Defendants used a consumer report for an impermissible purpose pursuant to 15 U.S.C. § 1681b.

Section 1681b sets forth an exclusive list of permissible purposes for which a consumer credit report may be obtained. The relevant portion of that section permits a consumer reporting agency to furnish a consumer report to "a person which it has reason to believe ... intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of

---

[2] See also Puma Indus. Consulting, Inc. v. Daal Assocs., Inc., 808 F.2d 982, 986 (2d Cir. 1987); Gartner v. Snyder, 607 F.2d 582, 586 (2d Cir. 1979); Wang Labs, Inc. v. Dataword Corp., 680 F.Supp. 110, 111 (S.D.N.Y. 1988).

the consumer. 15 U.S.C.1681(b)(3)(A).

In the instant matter, Plaintiff has failed to plead with sufficiency a viable cause of action against Defendants under the FCRA, as Defendant(s) had a permissible purpose to access Plaintiff's credit report and thus did not violate Section 1681 of the FCRA.  See Affidavit of Jonathan Hernandez; See also Exhibits "D" and "I".

To prove a violation of Section 1681b, a plaintiff must show that credit information was obtained for an impermissible purpose. Conversely, a showing of a permissible purpose is a complete defense. See Advanced Conservation Sys. Inc. v. Long Island Lighting Co., 934 F.Supp. 53, 54 (E.D.N.Y.1996).  The question of whether a report has been obtained for a permissible purpose is a legal one, which can be resolved on summary judgment. See Id at 54.

The FCRA expressly authorizes that "any consumer reporting agency may furnish a credit report" for an enumerated permissible purpose including, among others:

> (3) To a person which it has reason to believe
>     (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.
>     (F) otherwise has a legitimate business need for the information

> (i)   in   connection   with   a   business
> transaction   that   is   initiated   by   the
> consumer; or
> (ii)  to  review  an  account  to  determine
> whether  the  consumer  continues  to  meet  the
> terms of the account.

See 15 U.S.C. §§ 1681b(a)(3)(A) and (F).

As established by the evidence attached hereto, Defendants possessed a permissible purpose to access Plaintiff's credit report and "existence of this permissible purpose constitutes a complete defense" to Plaintiff's FCRA claim. Edge v. Professional Claims Bureau, Inc., 64 F. Supp. 2d 115, 117-18 (E.D.N.Y. 1999) (the "issue of whether a report has been obtained for a permissible purpose presents a question of law").

As indicated by the supporting affidavits of Jonathan Hernandez and Mike Urrutia, Defendant GM Financial's inquiry into Plaintiff's credit report to obtain financing in connection with plaintiff's attempt to purchase a vehicle, falls squarely within the permissible purposes that the FCRA authorizes. See 15 U.S.C. § 1681b(a)(3); see also Scott v Real Estate Finance Group, 183 F. 3d 97(2nd Cir. 1999) (legitimate business purpose justified obtaining credit report); Estiverne v. Sak's Fifth Avenue, 9 F.3d 1171, 1173 (5th Cir. 1993) (same); Phillips v. Grendahl, 312 F.3d 357, 368 (8th Cir. 2002) (no permissible purpose where no business transaction pending with consumer).

14

The Plaintiff went to a car dealership on September 12, 2012, to purchase a specific vehicle and gave a deposit and sought financing for that purchase. See Affidavit of Jonathan Hernandez.

Even if plaintiff did not specifically request financing, which she did, express permission is not a prerequisite to establishing a permissible purpose, nor is the consumer's lack of consent a bar. See Marzluff v. Verizon Wireless, 151 Ohio App. 3d 733, 737, 785 N.E.2d 805, 808 (Ohio Ct. App. 2003), citing Edge, 64 F. Supp. 2d at 117) ("So long as a permissible purpose exists, credit information may be obtained without the consumer's consent; a showing of the existence of a permissible purpose is a complete defense.") see also Scharpf v. AIG Marketing. Inc., 242 F. Supp. 2d 455, 463 (W.D. Ky. 2003) (insurer was authorized to access credit report following consumer's request for a quote, although consumer never applied for the insurance offered).

The FCRA, by its plain language, authorizes a credit report to be issued for the purpose of making a credit determination. See 15 U.S.C. §§ 1681b(a)(3)(A) and (F)(2); Kennedy v. Victoria's Secret Stores, Inc., No. Civ.A. 03-2691, 2004 WL 2186613, at *3 (E.D. La. Sept. 29, 2004) (credit report "obtained for the purposes of using the information to extend credit or to review or collect on an account" constituted

15

permissible purpose under the FCRA); See Trikas v Universal Card Services Corp., 351 F.Supp.2d 37 (E.D.N.Y. 2005) citing to Baker v. American Express Travel Related Serv., Inc., No. CIV.A. 02-26-JBC, 2002 WL 1205065, at *2 (W.D. Ky. May 28, 2002). The Plaintiff further showed intent to seek financing when she executed a Buyer's Order to purchase the aforesaid vehicle and made a $500.00 deposit towards the purchase.  The check was noted as being "contingent on car loan." See Exhibit "E" and Affidavit of Jonathan Hernandez.

Plaintiff also alleged Defendants violated Section 1681q of FCRA[3]. Section 1681q provides for criminal liability for a violation of the FCRA. Clearly, this section is inapplicable in the instant matter, as Defendant GMAC Financial had a permissible purpose to obtain Plaintiff's credit report. Thus, Defendants did not violate the FCRA and are not subject to any criminal liability.

The facts alleged by Plaintiff in the Complaint do not support any claim for violation of the FCRA. As evidenced by the documents put forth by Defendants, GM Financial accessed Plaintiff's credit report for a permissible purpose, in order to assess whether GM Financial would extend credit/financing to

---

[3] Section 1681q States "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both." 15 U.S.C §1681Q.

Plaintiff in her request to purchase the aforesaid vehicle. See Affidavits of Jonathan Hernandez and Mike Urrutia. Thus, obtaining Plaintiff's credit report was plainly permissible under the FCRA and Plaintiff's complaint must be dismissed.

**POINT III. Plaintiff's Claim Pursuant to the Fair Debt Collections Practices Act must be dismissed because Defendant(s) cannot be considered a debt collector under 15 U.S.C. § 1692**

The purpose of the FDCPA is to eliminate abusive acts by debt collectors against consumers. See 15 U.S.C. § 1692(e). The FDCPA defines consumer as "any natural person obligated or allegedly obligated to pay any debt." See Id. at 1692a(3). The FDCPA defines debt collector as "any person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." See Id. at § 1692a(6). See also Somin v. Total Community Management Corp., 494 F.Supp.2d 153 (E.D.N.Y. 2007) (holding that bank taking action on its own account was not a proper FDCPA defendant). The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ...." See Id. at § 1692a(5).

17

Under the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." See Id. at § 1692e. Nor may a debt collector use "unfair or unconscionable means" in connection with the collection of a debt" or "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See* id. at §§ 1692d, 1692f. Among other practices, the FDCPA prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." See Id. at § 1692e(10).

In the instant matter, Plaintiff's claim under 15 U.S.C. § 1692 is meritless. Defendant(s) are not "debt collectors" with the meaning of the FDCPA. See 15 USC §1692 ; see also Doherty v. Citibank [ South Dakota ] N.A., 375 F.Supp.2d 158, 161-162 (2005); Monogram Credit Card Bank of Ga. v. Mata, 195 Misc.2d 96, 757 N.Y.S.2d 676 (2002). Furthermore, there is no alleged "debt" Plaintiff owes to Defendants, nor does Plaintiff allege an existing debt with GM Financial. Thus, the cause of action alleging a violation of 15 U.S.C. § 1692 is clearly frivolous, without merit and must be dismissed with prejudice.

**POINT IV. Plaintiff has failed to state a claim**
**Against Defendant(s) for violation of N.Y. Gen**
**Business Law §§ 349 and 380-B and 399-P**

Plaintiff has also failed to state a viable claim for a violation of N.Y. Gen Business Law § 349 by Defendants in connection with obtaining Plaintiff's credit report. Thus, Plaintiff's claim should be dismissed.

Section 349 prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service. "To prevail on a § 349 claim, a plaintiff must show that '(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result.' " Boule v. Hutton, 320 F.Supp.2d 132, 136-37 (S.D.N.Y. 2004) (quoting Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000)).

Because Plaintiff has failed to prove any harm, which precludes any recovery for negligent violation of the FCRA, this claim must also be dismissed. See Podell v. Citicorp Diners Club, Inc., 914 F.Supp. 1025, 1035-36 & n. 3 (S.D.N.Y. 1996), aff'd, 112 F.3d 98 (2d Cir. 1997) (failure to show negligence defeats § 349 claim).

Additionally, Plaintiff has failed to adduce any evidence of willfulness, and it cannot be said that the Defendants have engaged in "materially misleading or deceptive acts." See Obabueki v. Int'l Bus. Machs. Corp., 145 F.Supp.2d 371, 400

19

(S.D.N.Y. 2001).

Courts have continuously held that §1681 preempts other state law claims involving disclosure of credit information. See Gross v Washington Mutual Inc., 2007 WL 1404435 (S.D.N.Y., 2007). More specifically, section 1681h(e) permits certain actions where "malice or willful intent to injure [a] customer" is shown, while § 1681t(b)(1) (a result of a 1996 amendment to the FCRA) indicates a complete preemption of state law claims arising out of consumer disputes with "furnishers of information." Id. As plaintiff's New York Fair Credit Reporting Act claim is completely devoid of allegations of malice or willful intent to injure plaintiff, the state law claims made by plaintiff are preempted by the FCRA and, therefore, must be dismissed.

Furthermore, the New York Fair Credit Reporting Act is contained in § 380 et seq. of the New York General Business Law. Since courts interpret the FCRA and related New York statute similarly, the points discussed supra also warrant granting a dismissal of the complaint as to Plaintiff's failure to state a claim for violation of the FCRA. See Ali v. Vikar Mgmt. Ltd., 994 F.Supp. 492, 498 (S.D.N.Y. 1998).

Lastly, Plaintiff's claim for a violation of § 399-p is wholly without merit. Section § 399-p solely governs telemarketing; the use of automatic dialing-announcing devices

and placement of consumer telephone calls. Plaintiff does not allege that Defendants engaged in any of the aforementioned actions much less committed a violation of § 399-p while engaged in said actions. Thus, this portion of Plaintiff(s) complaint is frivolous and without merit.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court should issue an order pursuant to FRCP 12(b)(6) dismissing plaintiff's complaint and awarding Defendants such other and further relief this Court may deem just and proper, including costs and attorneys' fees incurred herein.

Dated:     Syosset, New York
           October 4, 2013

                              Yours etc.,
                              **SIMMONS JANNACE, LLP**

                    By: <u>/s/ George C. Fontana Jr.</u>
                         George C. Fontana Jr. (GF-1802)
                         Attorneys for Defendants
                         DANIEL E. BERCE, IDNVIDICUALLY AND
                         AS PRESIDENT AND CHIEF EXECUTIVE
                         OFFICER OF GM FINANCIAL AND GM
                         FINANCIAL, SUBSIDIARY OF GENERAL
                         MOTORS HOLDINGS LLC
                         **Office & P.O. Address:**
                         115 Eileen Way, Suite 103
                         Syosset, New York 11791
                         (516) 802-0630