USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/2013

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

MIRIAM SNYDER

**PLAINTIFF'S MOTION AND MEMORANDUM IN OPPOSITION TO THE DEFENDANTS UNAFFIRMED MOTION TO DISMISS**

PLAINTIFF,

**CASE NO.  13- CV- 5132**

-V-

DANIEL E. BERCE, INDIVIDUALLY AND AS
PRESIDENT AND CHIEF EXECUTIVE OFFICER
OF GM FINANCIAL AND GM FINANCIAL,
SUBSIDIARY OF GENERAL MOTORS HOLDINGS LLC

DEFENDANTS,



---------------------------------------------------------------X

## PLAINTIFF'S MOTION AND MEMORANDUM IN OPPOSITION TO THE DEFENDANTS UNAFFIRMED MOTION TO DISMISS

The Plaintiff, Miriam Snyder asks the court to deny Defendant's motion to dismiss and

states as follows:

## I.   STATEMENT OF FACTS

1.  October 9, 2013 Plaintiff Miriam Snyder received the GM Defendants fraud based

    Motion to Dismiss.

2.  July 2013 Plaintiff, Miriam Snyder, filed this complaint against Defendants, GM

    Financial  a subsidiary of General Motors Holdings LLC and Daniel E. Berce,

    individually and as Chief Executive Officer of GM Financial  (hereinafter Defendants)

    for actual and statutory damages for defendants repetitious and wilful violations of the

    Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.*; Fair Debt Collection

    Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq.*,  as well for violations of the New York

General Business Law § 349, § 380-B and for Invasion of Privacy.

3.  All of the above noted laws prohibit Defendants from engaging in abusive, deceptive, and unfair business practices, particularly as it relates to impermissible credit inquiries on credit reports and unwarranted invasions of privacy and defamation.

4.  Daniel E. Berce is being sued individually and as Chief Executive Officer of GM Financial because he has a supervisory position and as such is responsible and liable for the business practices of GM Financial. He has acted negligently by not supervising and investigating in the manner in which a reasonable man, guided by those ordinary considerations which ordinarily regulate human affairs, would do, or the doing of something which a reasonable and prudent man would not do.

5.  Daniel E. Berce and the GM Defendants have failed to provide full disclosure in a timely manner and this Failure to provide Full Disclosure is Fraud, predicated upon violation of Due Process of Law. Fraud is gaining at the loss of another using trickery or deception. Fraud vitiates a Contract and as such the defendants newly created fraud based motion to dismiss must be vacated because it has been created to inflict and advance fraud. Above all, the Defendants motion and exhibits contradict their very own impermissible inquiry letter acknowledgement attached as exhibit __/__.

6.  The Defendants motion and letter dated June 20, 2013 states clearly that GM Financial has no record of any application on behalf of Plaintiff Miriam Snyder, exemplify GM Defendants internal conflict, negligence, dysfuncionalism, deceit, malice, collusion and such should not be employed at the expense of the courts and or Plaintiff.

7. Plaintiff Miriam Snyder contacted the defendants several times before filing this lawsuit. Please see exhibits ~the Defendants Motion, in _____. She contacted the defendants over 3 times prior to filing this lawsuit and sought to remedy this impermissible credit inquiry and unwarranted invasion of privacy.

8. Not once did the defendants mention the newly created fraud on the court Karp dealership creation. In fact plaintiff Miriam Snyder exhausted all administrative remedies prior to filing this law suit and the defendants apologized for their impermissible inquiry on her credit report and for their unwarranted invasion of privacy. Please see exhibit __1____.

9. October 2013 the defendants concocted a false pretense defense that did not exist previously.  Please see the defendant's motion to dismiss and the newly created exhibits emphasis on the dates. The defendants newly created affidavits allege that they are connected to an auto loan application that they were not connected to previously.

10. Plaintiff object's to the enjoinment of Karp Auto, particularly via any and all unconscionable contracts and affidavits.

11. Plaintiff objects in particular to the Defendants alleged attorney's unsigned Affirmation In Support of Defendants Motion to Dismiss. This unsigned affirmation which is used to introduce false instruments is objected to because it obstructs <u>Verification requirements and inflicts fraud.</u>  The unsigned alleged attorney's affirmation obstructs all confirmation of correctness, truth or authenticity, by affidavit, oath, or deposition.  Affidavit of truth of matter state and object of verification is to assure good faith in averments or statements of party. <u>Sheeley v. City of Santa Clara</u>, 215 Cal.App.2d 83, 30 Cal.Rptr. 121,123.  Sworn or equivalent confirmation of truth.

3

12. Plaintiff objects to each and every one of the defendants newly created and untimely exhibits as the timing of such, verification of such and the allegations are contrary to public policy and exemplify violations of UCC Section 1--203 - Obligation of Good Faith
Every contract or duty within this Act imposes an obligation of good faith in its performance or enforcement.

13. June 20, 2013 the defendants acknowledged the fact that they had no record of any application for Miriam Snyder and as such agreed to stop invading her privacy. Please see exhibit  )  .

14. In retaliation to and after Plaintiff Snyder filed the law suit, the defendants concocted an application and did so employing fraud, deception, concealment, suppression, false pretense, fictitious and pretended purchase or sale. The defendants motion to Dismiss is criminal and includes criminal affidavits in violation of GBS § 352-c - Prohibited acts constituting misdemeanor; felony and GBS § 601.

15. Defendants' motion must be dismissed because the Defendants actions are criminal and Negligent. June 2013 the defendants agreed to remove their impermissible inquiry and by October 2013 the defendants created a scheme to defraud application enjoinment. The defendant's acts illustrate the doing of something which a reasonable and prudent man would not do.

16. The Defendants memorandum of law is based on fraud, has no relevancy to this case and the affidavits should be barred as untimely.

17. GM Financial Defendants have never had and still do not have any permissible purpose to access Plaintiffs credit report and thus have violated the FCRA.

18. Defendants GM Financial have acted negligently as exemplified in their unsigned affirmation and conflicting exhibits. Exhibit ____ acknowledges they had no permissible purpose to be on Plaintiff's credit report .

19. At no point did GM Financial Defendants have any right, authority or consent to inquire into Plaintiffs credit. Plaintiff did not apply for any financing or anything via GM Financial.

20. GM Financial Defendants cannot produce any business transaction directly between Plaintiff and Defendants. Consequently, the defendants have desperately and criminally tried to create a false pretense connection via Karp.

21. The Defendants motion to Dismiss must be barred and should be sanctioned because it is criminal. The Defendants Memorandum, the affidavits, the unsigned affirmation, exhibits and the motion as a whole represent the below criminal characteristics:

False Representation - Blacks Law Dictionary 4th Edition - A representation which is untrue, willfully made to deceive another to his injury. Examples of such include Defendants newly created affidavits, exhibits, memorandum, and entire unwarranted motion.

Deceit - Blacks Law Dictionary 4th Edition - A fraudulent and cheating misrepresentation, artifice, or device, used by one or more persons to deceive and trick another, who is ignorant of the true facts, to the prejudice and damage of the party imposed upon. People v. Chadwick, 143 Cal. 116, 76 P. 884. Examples of such include Defendants newly created affidavits, exhibits, memorandum, and entire unwarranted motion.

Defamation - Blacks Law Dictionary 4th Edition - The taking from one's reputation. The offense of injuring a person's character, fame, or reputation by false and malicious statements. The term seems to include both libel and slander. Examples of such include Defendants newly created affidavits, exhibits, memorandum, and entire unwarranted motion.

Malicious - Blacks Law Dictionary 4th Edition - Characterized by, or involving, malice; having, or done with, wicked or mischievous intentions or motives; wrongful and done intentionally without just cause or excuse. People v. Knapp, 274 N.Y.S. 85, 152 Misc. 368. Examples of such include Defendants newly created affidavits, exhibits, memorandum, and

entire unwarranted motion.

**False and Misleading Statement - Black's Law Dictionary 4ᵗʰ Edition - Failure to state material fact made letter a "false and misleading statement" within rule of Securities and Exchange Commission. Securities and Exchange Commission v. Okin, C.C.A.N.Y., 132 F.2d 784, 787. Examples of such include Defendants newly created affidavits, exhibits, memorandum, and entire unwarranted motion.**

**Legal Fraud – Blacks Law Dictionary 4ᵗʰ Edition**
**Contracts or acts as, though not originating in actual evil design to perpetrate fraud, yet by their tendency to mislead others or to violate confidence, are prohibited by law. Examples of such include Defendants newly created affidavits, exhibits, memorandum, and entire unwarranted motion.**

22. **The attorney and each of the Karp affidavit conspirers have acted criminally by employing the below criminal acts:**

**GBS § 352-c - Prohibited acts constituting misdemeanor; felony.**
**1. It shall be illegal and prohibited for any person, partnership, corporation, company, trust or association, or any agent or employee thereof, to use or employ any of the following acts or practices:**
**Any fraud, deception, concealment, suppression, false pretense or fictitious or pretended purchase or sale;**
**Any promise or representation as to the future which is beyond reasonable expectation or unwarranted by existing circumstances;**
**Any representation or statement which is false, where the person who made such representation or statement: (i) knew the truth; or (ii) with reasonable effort could have known the truth; or (iii) made no reasonable effort to ascertain the truth; or (iv) did not have knowledge concerning the representation or statement made; where engaged in to induce or promote the issuance, distribution, exchange, sale, negotiation or purchase within or from this state of any securities or commodities, as defined in section three hundred fifty-two of this article, regardless of whether issuance, distribution, exchange, sale, negotiation or purchase resulted.**

**2. It shall be illegal and prohibited for any person, partnership, corporation, company, trust or association, or any agent or employee thereof, to engage in any artifice, agreement, device or scheme to obtain money, profit or property by any of the means prohibited by this section.**

**3. It shall be illegal and prohibited for any person, partnership, corporation, company, trust or association, or any agent or employee thereof, engaged in the sale of any securities or commodities, as defined in section three hundred fifty-two of this article, within or from the state of New York to represent that they are an "exchange" or use the word "exchange," or any abbreviation or derivative thereof, in its name or assumed name unless it is registered with the Securities and Exchange Commission as a national securities exchange, pursuant to section six of the Securities and Exchange Act of 1934, or unless it**

has been designated as a contract market by the Commodity Futures Trading Commission, pursuant to section five of the Commodity Exchange Act.

4. Except as provided in subdivision five or six, a person, partnership, corporation, company, trust or association, or any agent or employee thereof, using or employing any act or practice declared to be illegal and prohibited by this section, shall be guilty of a misdemeanor.

6. Any person, partnership, corporation, company, trust or association, or any agent or employee thereof who intentionally engages in fraud, deception, concealment, suppression, false pretense or fictitious or pretended purchase or sale, or who makes any material false representation or statement with intent to deceive or defraud, while engaged in inducing or promoting the issuance, distribution, exchange, sale, negotiation or purchase within or from this state of any securities or commodities, as defined in this article, and thereby wrongfully obtains property of a value in excess of two hundred fifty dollars, shall be guilty of a class E felony.

GBS § 458-g - Contracts void and unenforceable.
1. Any contract for services which does not comply with the applicable provisions of this article shall be void and unenforceable as contrary to public policy.
2. Any waiver by a consumer of the provisions of this article shall be deemed void and unenforceable by a credit services business as contrary to public policy.

GBS §458-i - Action for recovery of damages by consumer. Any consumer injured by a violation of this article or by the breach by the credit services business of a contract which has been entered into pursuant to section four hundred fifty-eight-f of this chapter may bring an action for recovery of damages. Judgment shall be entered in favor of a consumer in an amount not to exceed three times the actual damages, but in no case less than the amount paid by the buyer to the credit services business. The court may award reasonable attorney's fees to a prevailing plaintiff.

GBS § 601 - Prohibited practices. No principal creditor, as defined by this article, or his agent shall:

3. Disclose or threaten to disclose information affecting the debtor's reputation for credit worthiness with knowledge or reason to know that the information is false;

23. Plaintiff re-invokes the FDCPA with respect to:

✓ Legal Actions
§ 1692 i(a)(2) Brought any legal action in a location other than where contract signed or where consumer resides: Plaintiff objects to the Defendants use of a Notary out of Texas.

✓ **Deceptive Forms by Creditor**
§ 1692 j Forms designed, compiled and/or furnished to create false belief. Plaintiff objects to the use of Defendants untimely, newly created, scheme to defraud collusion based affidavits and non-verified affirmation. *Please see Exhibits 2 + 3.*

✓ **Harassment or Abuse:** § 1692 d Any conduct the natural consequence of which is to harass, oppress, or abuse any person. Plaintiff willful and untimely purpose of creating false affidavits with no nexus to this case is for the purpose of harassment. Defendants motive or purpose for the impermissible inquiry on Plaintiff's credit report was for purposes of oppression. Inquiries lower credit scores thus targets and oppresses already oppressed populations. Impermissible credit inquiring is a bonnafide induced oppression method.

24. Defendants filed a fraud based criminal Motion to Dismiss in this case on October 9, 2013 pursuant to legal abuse strategies and Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure.

## II. RESPONSE TO DEFENDANT'S MOTION TO DISMISS

25. Defendant's motion to dismiss is a substantive and procedural nullity. Defendant's motion to dismiss is frivolous on its face. The defendants seek to dismiss this complaint based on bad faith. Specifically the Defendants have based this dismissal requests off of newly created out of thin air conspired materials outside of the pleadings. See the Defendants incredible and criminal non relevant exhibits in their criminal motion.

26. Plaintiff calls the alleged Defendant's attorney alleged because none of his papers are signed by him. Plaintiff objects to the use of any of the defendants alleged attorney Fontana papers without authentication and verification. Plaintiffs objects to the court use of Fontana's ghost written documents. *Please see Exhibit 2.*

27. Statements of alleged counsel in brief or in argument are not sufficient for a motion to dismiss or for summary judgment, *Trinsey v. Pagliaro,* D.C. Pa. 1964, 229 F. Supp. 647. Where there are no depositions, admissions, answers to interrogatories, or authenticated affidavits in support of motion for summary conclusion, the motion cannot be considered. See O.S. title 12, Chapter 12, Rule 13. Pro Se litigants cannot be dismissed for failing to state a claim upon which relief can be granted. See *Haines v. Kerner,* 404 U.S. 519 (1972). Although Daniel Berce, the GM Defendants and the alleged

8

attorney might presume to advise The United States Supreme Court, this Court has knowledge that Miriam Snyder's procedural due process rights require opportunity to present evidence on her claims.

28. Plaintiff objects to the alleged attorney's unsigned and non-validated affirmation and his attempt to introduce exhibits not related to the case. Plaintiff objects to the use of all Karp documents as they are not authentic, based on fraud and collusion and have nothing to do with this law suit.

29. Miriam Snyder's Complaint is procedurally proper, placing substantive fact issues before this Court via un-rebutted affidavits.

30. Miriam Snyder's Complaint raises three key issues: Impermissible purposes, unwarranted invasion of privacy and defamation.

31. The record shows that GM Financial Defendants committed fraud by claiming that Miriam Snyder had an untimely newly created application with them by claiming that an application with Karp enjoined the defendants. The defendants have acted criminally and desperately in creating this meritless, lawless and unauthenticated nexus.

32. The alleged attorney could not provide the Court with documentary proof of the alleged application in the instant action establishing defendant's prima facie case, including the contract or account number of the alleged application because the Karp application is being used as a fictitious joinder document.

33. The Defendants cannot show prima-facie evidence to bring their frivolous motion nor have the Defendants offered any proof of ownership of the newly created alleged application between Miriam Snyder and GM Financial because no such application exists. The Defendants have not and cannot produce an application or contract that reflects a possible direct agreement with the Plaintiff. The alleged application between Plaintiff Miriam Snyder and GM Financial is not attached, does not exist and thus the defendants have no viable or lawful reason for dismissal.

34. Defendant's failure to state a cause of action or claim upon which relief can be granted for dismissal is exemplified in the fact that there is no application, link or other sufficient showing of standing for dismissal.

35. The Defendants cannot demonstrate its status as the holder of any application or contract. The Defendants are clearly non-holders with possession of a heresay business application from a non-related entity.

36. The Defendants defective papers as epitomized in their motion to dismiss exhibits and their unsigned affirmation constitute serious misrepresentation and construed fraud upon the court. Please take judicial notice of such.

37. Furthermore, the GM Financial Defendants and the attorney have established asserts of material factual statements that are false, as exemplified in the defendants affidavits. For example, the alleged defendant's  out of state  Texas falsified affidavit of merit, is by a non-titled employee of the alleged attorney's office and as such is not an affidavit made by the party as required under law.

38. The creation of newly discovered fraud based affidavits with no relevancy or nexus to this case, coupled with the attorneys unsigned affirmation, coupled with the attorneys questionable certification,  exemplifies attorney acts that are criminal, calculated and violate Judiciary Law § 487.  These deceptive attorney acts establish intent to deceive.

39.  N.Y. Judiciary Law § 487 *inter alia* provide that an attorney is guilty of a misdemeanor and is liable for treble damages to the aggrieved party if the attorney:". . . is guilty of any deceit or collusion, or consents to any deceit or collusion, with the intent to deceive the court or any party." See McKinney's Judiciary Law § 487; see also Oakes v. Muka, 56 A.D.3d 1057, 868 N.Y.S.2d 796 (3d Dept. 2008).

40. Additional deceit and collusion is established in Conspirator George C Fontana's one and only alleged signature in the certification section and such is objected to because the signature does not match the name which voids out the alleged certification.

41. Additionally the blank Attorney for section on The Defendants Notice of Motion to Dismiss is objected to.

42. The alleged attorney George C. Fonatana license number 4329652 un-signed false instruments filed in the court, coupled with the robo-stamped, no seal, and non-authenticated affirmation exemplifies fraud in and on the court. Above all, the Defendants motion to dismiss must be denied under the statute of fraud.

## III USERS MUST PROVIDE CERTIFICATIONS

11. GM Financial Defendants are users of credit information as defined by Appendix C to Part 601of the FCRA.

12. Section 604(f) of the FCRA prohibits any person from obtaining a consumer report from a consumer reporting agency (CRA) unless the person has _certified_ to the CRA (by a general or specific certification, as appropriate) the permissible purpose(s) for which the report is being obtained and certifies that the report will not be used for any other purpose. Defendants have not shown or claimed that it had any such certification.

13. The Federal Trade Commission is the regulatory body of the credit reporting agencies and it states in its <u>Appendix C to Part 601 Prescribed Notice of User Responsibilities</u> document located at <u>http://www.ftc.gov/os/statutes/2user.htm</u> the following: "Congress has limited the use of consumer reports to protect consumers' privacy. All users must have a permissible purpose under the FCRA to obtain a consumer report. Section 604 of the FCRA contains a list of the permissible purposes under the law. Defendants have not shown or proven it had any of the reasons listed below:

a) As ordered by a court or a federal grand jury subpoena. Section 604(a)(1);
b) As instructed by the consumer in writing. Section 604(a)(2);
c) For the extension of credit as a result of an application from a consumer, or the review or collection of a consumer's account. Section 604(a)(3)(A);
d) For employment purposes, including hiring and promotion decisions, where the consumer has given written permission. Sections 604(a)(3)(B) and 604(b);
e) For the underwriting of insurance as a result of an application from a consumer. Section 604(a)(3)(C);
f) When there is a legitimate business need, in connection with a business transaction that is initiated by the consumer. Section 604(a)(3)(F)(i);
g) To review a consumer's account to determine whether the consumer continues to meet the terms of the account. Section 604(a)(3)(F)(ii);
h) To determine a consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status. Section 604(a)(3)(D);

i)    For use by a potential investor or servicer, or current insurer, in a valuation or assessment of the credit or prepayment risks associated with an existing credit obligation. Section 604(a)(3);

j)    For use by state and local officials in connection with the determination of child support payments, or modifications and enforcement thereof. Sections 604(a)(4) and 604(a)(5);

k)    In addition, creditors and insurers may obtain certain consumer report information for the purpose of making unsolicited offers of credit or insurance. The particular obligations of users of this "prescreened" information are described in Section V.

## IV. STANDARD OF REVIEW

43. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

44. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* 22. A plaintiff satisfies his burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbal*, 129 W.Ct. 1937, 1950 (2009).

45. Well-pleaded allegations of fact and every inference fairly deducible there from are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and

unlikely." *Twombly*, 550 U.S. at 556.

### III. ARGUMENTS AND AUTHORITIES

46. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.,* 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

47. The court must accept as true all well facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F. 3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556, U.S. 662, 678-79 (2009).

48. The Defendants have criminally tried to invoke a non-existent application and have employed criminal unconscionable contracting in their Exhibit I to attempt to justify their criminal creation. Plaintiff objects to all of the Defendants exhibits, particularly the Defendants Exhibit I page 4, pursuant to  Black's Law Dictionary, 6th Edition, p 1525: "Unconscionable bargain or contract.  A contract, or a clause in a contract, that is so grossly unfair to one of the parties because of stronger bargaining powers of the other party, usually held to be void as against public policy.  An unconscionable bargain or contract is one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept on the other.  Hume v. U.S., 132 U.S. 406, 10 S. Ct. 134, 33 L. Ed. 393." [emphasis added] From Black's Law Dictionary, 6th Edition.

49. Defendants motion must be denied as the attorney's affirmation is fraudulent and obstructs rules and regulations associated with <u>verification</u>,  confirmation of correctness, truth or authenticity, by affidavit, oath, or deposition.  Affidavit of truth of matter state and object of verification is to assure good faith in averments or statements of party.  <u>Sheeley v. City of Santa Clara</u>, 215 Cal.App.2d 83, 30 Cal.Rptr. 121,123. Sworn or equivalent confirmation of truth.

50.   The Defendants motion and exhibits should be barred as they exemplify the below criminal elements. They were newly created to defraud the court and Plaintiff and did not exist when the case was initiated. The defendants exhibits are objected to as they exemplify the below criminal elements:

<u>New York Penal - Article 190 - § 190.65 Scheme to Defraud in the First Degree</u>
175.05 - Falsifying Business Records In The Second Degree.
175.10 - Falsifying Business Records In The First Degree.
175.30 - Offering A False Instrument For Filing In The Second Degree.
175.35 - Offering A False Instrument For Filing In The First Degree.
175.45 - Issuing a False Financial Statement.
18 USC 1341 Frauds and Swindles.
18 USC 1512 Engaging In Misleading Conduct.
18 USC 1503 Intimidate Witnesses.
190.55 - Making a false statement of credit terms.
190.65- Scheme to defraud in the second degree.
45.65  - Scheme to defraud in the first degree.

51. The Defendants motion and exhibits should be denied and are objected to because they violate:  47 USC § 502 - Violation of Rules, Regulations, Etc..

52. Plaintiff invokes 18 USC § 4 - MISPRISION OF FELONY: whoever, having knowledge of the actual commission of a felony cognizable by a court of the united states, conceals and does not as soon as possible make known the same to some judge or other person in civil or

military authority under the united states, shall be fined under this title or imprisoned not more than three years, or both.

53. The Defendants motion and exhibits are objected to and must be denied because they invoke and exemplify:

- **COMMON LAW FRAUD**

- **15 U.S.C. S §1692d: HARASSMENT**

54. The defendants' motion must be dismissed because it wilfully uses fraud to attempt to

obstruct entitled relief embedded in:

**Violation of the Fair Credit Reporting Act (FCRA)**
**15 U.S.C. § 1681 for Willful Non-Compliance**
**By Gm Financial Defendants**

**Violation of the Fair Credit Reporting Act (FCRA)**
**15 U.S.C. § 1681 for Negligent Non-Compliance**
**By Gm Financial Defendants**

**Violations of the New York General Business Law § 349, § 380-B, § 399-P, Engaging In Unlawful Deceptive Practices and Acts**

**Violations of the New York General Business Law § 349, § 380-B And For Invasion Of Privacy.**

55. The defendants motion must be dismissed because it wilfully uses attorney fraud as

described above and in:

> Judiciary Law § 487, "Misconduct by Attorneys", provides that an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party ***" incurs civil liability to the injured party and is subject to treble damages"(see, *Maksimiak v. Schwartzapfel Novick Truhowsky Marcus, P.C.*, 82 AD3d 652; *Rock City Sound, Inc. v. Bashian & Farber, LLP*, 74 AD3d 1168).

## CONCLUSION

56. Defendant's Motion to Dismiss is rife with untrue, incorrect, fraud based, false, conspired and erroneous statements and allegations and comes up woefully short of any substantive or remotely plausible explanation in rebuttal to the issues raised in Plaintiff's complaint.

57. Because Plaintiff's factual allegations support a claim on which relief can be granted, the court should deny Defendant's motion and retain the case on the Court's docket.

58. Because the Defendant has not shown that Plaintiff has failed to state a claim upon which relief may be granted Plaintiff respectfully requests the Court to deny the Defendant's Motion and allow Plaintiff's claim to move forward to trial on the merits. . In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend the complaint.

59. Determination by this Court that the defendants have entered nothing on record by testimony, affidavit, or deposition and that the rulings and determinations of The United States Supreme Court have precedent over Defendants opinions justly requires that defendant's motion to dismiss be denied as legally insufficient.

60. This Court is in receipt of judicial notice of the criminal acts of the GM Defendants and their alleged attorney. This Court avoids charge of misprision of felony by remanding the alleged attorney to other authorities for a grand jury's determination.


61. Miriam Snyder, demands that as a matter of law that this court dismisses the Defendants scheme to defraud Motion and invokes her complaint and put sanctions on the attorneys for using the court as a playground for scheme to defraud practices, pursuant to the above noted laws.

62. The Court should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its illegal activities exposed.

63. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

64. The Complaint specifies that GM Financial illegally pulled Plaintiff's credit report and invaded her privacy. The factual bases of Plaintiff's allegations against GM Financial are crystal clear, as summarized below.

65. On September 2012, GM Financial Defendants initiated a hard pull of Plaintiff's credit report from Transunion without a permissible purpose, thereby reducing her credit score.

66. On or about June 20, 2012 GM Financial sent Plaintiff a letter agreeing to remove its impermissible inquiry and negligently did not mention restitution for damaging her credit score.

67. The Defendants have inherently employed clear-cut violations of the Fair Credit Reporting Act and have violated and the New York State Consumer Protection laws as noted above.

68. Above all, a criminal report is forthcoming detailing the criminal acts employed in the GM Defendants Motion to Dismiss with emphasis on the alleged attorney's unauthorized affirmation which is being used as the gateway to introduce more fraud, deceit, collusion, and overall misconduct, which has inflicted additional pain and suffering on Plaintiff.

XVII.   In particular I object to the non-signed affirmation of George Fontana and I object to the validity of the alleged affidavit of Jonathan Hernandez.

XVIII. I attest under penalty of perjury that GM Financial has no business relations with me and had and has no permissible purpose to inquire into my credit report. I further attest that the Defendants are negligently and maliciously using this forum to wilfully and maliciously invoke fraud and further defamation as illustrated in their unauthorized exhibits attached to their fraud based motion to dismiss.

XIX.   Defendants have obtained Plaintiff's consumer credit report without her consent and without having any direct connection to Defendant that would implicate a permissible purpose.

XX.    I HEREBY CERTIFY that his affidavit and the Plaintiff Motion  and Memorandum in Opposition with  $3$  exhibits have been mailed to the alleged attorneys for Defendants at:

Attorney George C. Fontana Jr.

115 Eillen Way Suite 103

Syosset, New York 11791

**AFFIRMATION**

On the _11_ day of October 2013, I, Miriam Snyder, Plaintiff hereby affirm that the above statements in this Affidavit and the attached opposing Motion with Exhibits, are true, correct and summarize the fraud inflicted by the Defendants via their unethical and criminal Motion to Dismiss. I hereby further affirm that the basis of these statements is my own direct knowledge, experience, and historical facts involved.  This notarized affidavit with my signature verifies the truth in my sworn statements. All of my statements are true and correct.

Affiant

Miriam Snyder

3230 Cruger Avenue 6B

Bronx, New York 10467

Affirm before me  _17th_ , day of _OCTOBER_ , ~~2011~~ 2013
Notary Signature _Laura Sakolsky_
Commission Expires: Seal
_JUNE 16, 2016_

21

NORMAN SAKOLSKY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA6188758
Qualified in Suffolk County
My Commission Expires June 16, 20 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MIRIAM SNYDER

                             **CERTIFICATE OF MAILING**

  PLAINTIFF,

                             **CASE NO.  13- CV- 5132**

          -V-


DANIEL E. BERCE, INDIVIDUALLY AND AS
PRESIDENT AND CHIEF EXECUTIVE OFFICER
OF GM FINANCIAL AND GM FINANCIAL,
SUBSIDIARY OF GENERAL MOTORS HOLDINGS LLC


DEFENDANTS,


_____ x


       I, Miriam Snyder, Plaintiff, hereby certify that a true and correct copy of the

foregoing was mailed via U.S. P.S. to the court and parties listed below on this _____ day

of October, 2013 to the following addresses.

United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
Pro Se Office
500 Pearl Street, Room 230
New York, NY 10007

Attorney for Defendants
George C. Fontana Jr.
115 Eileen Way Suite 103
Syosset, New York 11791

                                       Respectfully,

                                         Miriam Snyder, Pro Se Plaintiff
                                         3230 Cruger Avenue 6B
                                         Bronx, NY 10467

**EXHIBIT 1**

 GM Financial

P.O. Box 183581
Arlington, TX   76096-3581

June 20, 2013

Miriam Snyder
3230 Cruger Avenue 6B
Bronx, NY 10467

RE:  Inquiry Date: 9/13/2012

Dear Miriam Snyder:

Please accept this letter as formal notification that AmeriCredit Financial Services Inc. dba GM Financial ("GM Financial") has completed its investigation regarding an application submitted to GM Financial in your name.

GM Financial does not have any record of this application being submitted and our records do not indicate we made an inquiry. Therefore, we are requesting that the appropriate credit reporting agencies remove the above listed inquiry from your credit report in the event their records reflect an inquiry from us.  Please be advised it can take credit reporting agencies four to six weeks to update your credit report.

For any questions please contact the Customer Service Department at 1-800-284-2271.

Hours of Operation:
Monday through Thursday, 7:00 a.m. to 8:00 p.m. CT
Friday, 7:00 a.m. to 7:00 p.m. CT
Saturday, 7:00 a.m. to 4:00 p.m. CT

Sincerely,

GM Financial
Customer Service Department

4001 Embarcadero Drive ~ Arlington TX 76014

23

*[handwritten: Exhibit 2  Fraud on The Court  No Signature]*

2.    This affirmation is also submitted to introduce the following exhibits:

*[handwritten: Attorney Deceit + Misconduct + Fraud]*

- The Affidavit of Jonathan Hernandez, sworn to October 3, 2013, as Exhibit A;

- The Affidavit of Daniel E. Berce, sworn to October 3, 2013, as Exhibit B;

- The Affidavit of Mike Urrutia, sworn to October 3, 2013, as Exhibit C;

- Buyer's Order, as Exhibit D;

- Deposit Check, as Exhibit E;

- Application Decision Report, as Exhibit F;

- Karp Automotive Denial of Credit Letter, dated October 3, 2012, as Exhibit G;

- Plaintiff's Complaint, as Exhibit H;

- Plaintiff's Credit Statement, as Exhibit I.

Dated:    Syosset, New York
          October 4, 2013

/s/ George C. Fontana Jr.
George C. Fontana Jr. (GF-1802)

Docket No. 13-cv-5132
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRIAM SNYDER,

Plaintiff,

-against-

DANIEL E. BERCE, INDIVIDUALLY AND AS PRESIDENT AND CHIEF EXECUTIVE
OFFICER OF GM FINANCIAL AND GM FINANCIAL, SUBSIDIARY OF GENERAL
MOTORS HOLDINGS LLC,

Defendants.

## DEFENDANTS' NOTICE OF MOTION TO DISMISS

# SIMMONS JANNACE, LLP

ATTORNEY(S) for Defendants

Office & Post Office Address
**115 Eileen Way, Suite 103**
**Syosset, NY 11791**
**(516) 802-0630**
**FAX (516) 802-0631**

*No Affirmation*
*Voided Certification*
*Voided Motion*

**ADMISSION OF SERVICE**
The Undersigned acknowledges
receipt of a copy of the within
on
at              am/pm

Attorney for
BY:

**CERTIFICATION PURSUANT**
to Rule 130-1, 1-a

Simmons Jannace, LLP.
BY: George C. Fontana, Jr.



U.S. POSTAGE PAID
HICKSVILLE, NY
OCT 11 2013
$4.82
0001406701

10007

UNITED STATES POSTAL SERVICE

United States District Court
Southern District of NY
Daniel Moynihan U.S. Courthouse
Pro Se Office
500 Pearl St - Rm 230
NY, NY 10007

USM
SDNY
P3

M. Smith
Grace Ave 10 B
Bronx NY 10461

OCT 22 2013

7013 2250 0001 1816 2072

CERTIFIED MAIL

7013 2250 0001 1816 2072