UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MIRIAM SNYDER,

                               Plaintiff,

  -against-

DANIEL E. BERCE, INDIVIDUALLY AND AS
PRESIDENT AND CHIEF EXECUTIVE OFFICER
OF GM FINANCIAL AND GM FINANCIAL,
SUBSIDIARY OF GENERAL MOTORS HOLDINGS LLC,

                               Defendants,
------------------------------------------------------------------------X

Docket No.: 13-cv-5132

Justice Assigned:
Hon. J. Paul Oetken

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

SIMMONS JANNACE, LLP
Attorneys for Defendants
DANIEL E. BERCE, IDNVIDICUALLY AND
AS PRESIDENT AND CHIEF EXECUTIVE OFFICER
OF GM FINANCIAL AND GM FINANCIAL, SUBSIDIARY OF
GENERAL MOTORS HOLDINGS LLC
**Office & P.O. Address:**
115 Eileen Way, Suite 103
Syosset, New York 11791
(516) 802-0630

Submitted By:
George C. Fontana, Jr., Esq.

## TABLE OF CONTENTS

                                                                                        **PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ........................................................................................................................ 2

POINT I
    Plaintiff Does Not Deny Going To The Karp Dealership
    To Purchase A Vehicle And Seek Vehicle Financing ................................................ 2

POINT II
    Plaintiff's Claims Against Daniel E. Berce In His Individual And
    Professional Capacity Are Frivolous And Must Be Dismissed .................................. 3

POINT III
    Plaintiff's Opposition Fails To Conform To Your Honor's Rules .............................. 4

POINT IV
    Defendants' Motion Papers Are Verified
    And Authentic, Contrary to Plaintiff's Assertions ..................................................... 4

POINT V
    Plaintiff's Charge Of Fraud, Deceit, Forgery, Perjury
    And Conspiracy are Improper and Without Basis ..................................................... 5

POINT VI
    Plaintiff's Opposition Papers And Prior Lawsuits
    Are A Prime Example Of A Vexatious Litigant ........................................................ 6

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

Airlines Reporting Corp. v. Aero Voyagers, Inc.,
721 F.Supp. 579, 585 (S.D.N.Y. 1989)........................................................................... 3

Ashcroft v. Iqbal,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).................................................. 6

Fariello v. Campbell,
860 F.Supp. 54, 71 (E.D.N.Y. 1994) ............................................................................... 7

Harris v. Mills,
572 F.3d 66, 72 (2d Cir. 2009)......................................................................................... 6

In re Livent, Inc. Noteholders Securities Litigation,
151 F.Supp2d 144 (S.D.N.Y. 2001)................................................................................. 6

In re Martin-Trigona,
737 F.2d 1254, 1262 (2d Cir. 1984)................................................................................. 7

In Re McDonald,
489 U.S. 180, 184 (U.S. 1989)...................................................................................... 8,9

In re NYSE Specialist Securities Litigation.
503 F.3d 89, 95 (2d Cir. 2007)......................................................................................... 6

McDonald v. Head Criminal Court Supervisor Officer,
850 F.2d 121, 124 (2d Cir. 1988)..................................................................................... 7

Morris v. New York State Dep't of Taxation,
82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993) ....................................................................... 3

Safir v. United States Lines, Inc.,
792 F.2d 19, 23-24 (2d Cir. 1986) ................................................................................... 7

Yosef v. Passamaquoddy Tribe,
876 F.2d 283, 287 (2d Cir. 1989)..................................................................................... 7

**Statutes and Rules**

Rule 4(b) ............................................................................................................................ 4

Fed.R.Civ.P. 11 .................................................................................................................. 7

FRCP 12(b)(6) ................................................................................................................. 6, 8

## Preliminary Statement

The Defendants' have met their burden of coming forward with admissible proof to demonstrate that plaintiff cannot establish any of her claims. Each of the exhibits annexed to Defendants' Motion to Dismiss sufficiently supports the instant application. Therefore, plaintiff's Complaint must be dismissed.

Rather than addressing the merits of Defendants' motion, Plaintiff opposes Defendants' motion with outlandish claims of fraud, deceit, conspiracy, forgery, and perjury, and has made personal attacks on counsel in a vexatious manner. In doing so, however, Plaintiff has failed to come forth with a scintilla of evidence to support the allegations contained in her Complaint to defeat Defendants' motion to dismiss. Plaintiff has failed to refute Defendants' principal contention that Defendant GM Financial had a permissible purpose for running Plaintiff's credit after Plaintiff attempted to secure financing for the purchase of a vehicle. Plaintiff does not deny this. Thus, Defendants' motion must be granted and Plaintiff's Complaint must be dismissed.

The fact that the plaintiff went to the Karp Automotive dealership on September 12, 2012, to purchase a Vehicle and secure financing for said vehicle, reveals that this lawsuit is an utter waste and abuse of judicial economy. Additionally, plaintiff's claims against Mr. Daniel Berce, are undeniably made solely to harass Mr. Berce.

The filings by Plaintiff in the instant matter, as well as her extensive history of filing frivolous actions to harass defendants, solidify Plaintiff as a textbook vexatious litigant, filing claims without basis. Plaintiff's history reveals that she routinely files meritless claims, including claims against the courts and judges of this state.[1] The frivolous filing of the instant matter, along

---

[1] Plaintiff attempted to file criminal charges against Honorable Fernando Tapia, New York City Bronx Civil Court, and the Chief Judge of the New York Court of Appeals, Jonathan Lippman. See Exhibit J, a copy of Plaintiff's Memorandum seeking the criminal incarceration of the aforementioned parties. See also Exhibit K, wherein plaintiff also attempted to have criminal charges filed against various parties, including the District Court of Hempstead and the Civil Court Clerk.

with Plaintiff's behavior in asserting malicious attacks on past defendants, Mr. Berce and now Defendants' counsel unequivocally renders Plaintiff a vexatious litigant.

## ARGUMENT

**POINT I.**     **Plaintiff Does Not Deny Going To The Karp Dealership To Purchase A Vehicle And Seek Vehicle Financing**

Plaintiff now asserts without any basis at all that Karp Automotive is a fictitious entity fraudulently concocted in support of the GM Financial Defendants' motion to dismiss. Karp Automotive is located at 372-400 Sunrise Highway, Rockville Centre, New York 11570 and plaintiff knows this. Nowhere in her opposition papers does plaintiff dispute that she visited the Karp Dealership on September 13, 2012 to purchase a vehicle and sought credit to purchase the vehicle from Karp. The affidavit of Jonathan Hernandez submitted in support of Defendants' instant motion, an employee of Karp Automotive, clearly describes when plaintiff entered the dealership and executed a Buyer's Order for the purchase of a specific vehicle, and specifically sought the dealer's assistance in securing financing on her behalf. See Exhibit A.

In response to plaintiff's request for financing to purchase a vehicle, and in accordance with established business practices, Karp requested credit on plaintiff's behalf. See Exhibit A, at ¶¶ 5-10, 12. Plaintiff does not deny this. She does not specifically deny visiting the Karp dealership or attempting to purchase a vehicle or requesting financing or, importantly, deny the validity of her signature on the Buyer's Order (Exhibits A and D). Plaintiff does not refute that she was accompanied by her friend Mazarine Levy, at the Karp dealership on September 13, 2012, or that plaintiff made arrangements for a $500 deposit to be made towards the purchase of the vehicle (Exhibits A at ¶¶4, 7 and E). Plaintiff also does not deny that Karp subsequently notified plaintiff in writing that her credit request was denied by the banks and that plaintiff's deposit check bounced (Exhibits G and E). Surely, if plaintiff did not visit the dealership and

request a car loan to purchase a vehicle, she undoubtedly would have responded in writing to Karp after receiving that letter. She did not.

The fact that plaintiff does not deny the above proves that GM Financial had a permissible purpose to run plaintiff's credit. Plaintiff's complaint is frivolous. Defendants have made a prima facie showing of entitlement to an order dismissing the complaint.

**POINT II.    Plaintiff's Claims Against Daniel E. Berce In His Individual And Professional Capacity Are Frivolous And Must Be Dismissed**

Plaintiff alleges without support in her opposition that defendant Daniel E. Berce is somehow individually liable for the alleged misconduct of the GM Financial Defendants. She claims in conclusory terms only that Mr. Berce's negligently supervised GM Financial employees. She makes no attempt, however, to show that Mr. Berce ever handled plaintiff's credit file or her request for credit or otherwise dealt with plaintiff in his individual or professional capacities, or in any manner whatsoever. She does not allege that Mr. Berce acted outside the scope of his employment or that he impermissibly inquired into her credit for his own benefit. Plaintiff also failed to plead any claim for negligent supervision in her Complaint.

Mr. Berce's mere status as a corporate officer is an insufficient basis for individual liability as a matter of law. See Airlines Reporting Corp. v. Aero Voyagers, Inc., 721 F.Supp. 579, 585 (S.D.N.Y. 1989). Furthermore, plaintiff made no attempt to plead facts sufficient to warrant piercing the corporate veil and holding Mr. Berce individually liable for the corporations' actions. See Morris v. New York State Dep't of Taxation, 82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993). The claims against Mr. Berce are wholly without merit and must be dismissed in their entireties.

**POINT III.    Plaintiff's Opposition Fails To Conform To Your Honor's Rules**

Plaintiff's Memorandum does not conform to Your Honor's rules. According to Rule 4(b), memoranda of 10 pages or more shall contain a table of contents. Plaintiff's eighteen (18) page memorandum does not contain a table of contents. It does not comply with the Your Honor's individual rules and therefore should not be considered.

**POINT IV.    Defendants' Motion Papers Are Verified
And Authentic, Contrary To Plaintiff's Assertions**

Plaintiff objects without basis to the attorney affirmation accompanying the GM Financial Defendants' motion as being unverified. However, the Affirmation of George C. Fontana Jr., dated October 4, 2013, was electronically signed ("/s/") for the purpose of ECF submission. Counsel for Defendants signed the original moving papers and maintains the originals as part of counsel's file for the Court's inspection if necessary. It is customary and standard practice to file documents with the ECF system with the electronic signature of "/s/", while maintaining original signatures in our files. Counsel complied with all filing and signature requirements in connection with this motion. Plaintiff's assertions to the contrary are unfounded.

Plaintiff also objects, without basis, to the affidavits submitted in support of defendants' motion as inauthentic. The affidavits of Jonathan Hernandez, Daniel E. Berce and Mike Urrutia are genuine and have been authenticated by commissioned notaries public in compliance with state law and court rules. Plaintiff also objects to the use of Texas notaries in notarizing the signature of Mr. Berce and Mr. Urrutia. Texas notaries were used because the Defendants are located in Texas and that is where they signed their affidavits. The supporting affidavit of Jonathan Hernandez was notarized by counsel for GM Financial, George C. Fontana Jr., Esq.,

your affiant, as he signed the affidavit in my presence at the dealership in Rockville Centre, New York.[2]

Plaintiff's "objections" to the "authenticity" of Defendants' supporting affirmation and affidavits are without basis and certainly of no support for her frivolous complaint. However, in light of plaintiff's pro se status, Defendants provide the instant clarification.

**POINT V.**     **Plaintiff's Charge Of Fraud, Deceit, Forgery, Perjury And Conspiracy Are Improper And Without Basis**

Plaintiff makes a number of baseless allegations of fraud, deceit, forgery, perjury and conspiracy. Plaintiff also threatens this Court with charges of "misprision of felony" if the court fails to refer the undersigned for grand jury proceedings based solely on counsel's submission of the instant motion. See plaintiff's Opposition at ¶¶ 2, 60.

In addition to the obvious improprieties, plaintiff has no standing to "charge" criminal conduct in her Opposition. Furthermore, the Defendants have supported each and every one of their claims with documentary evidence and the sworn testimony of parties with personal knowledge of the events involved. Though plaintiff asserts conclusory and baseless claims of conspiracy and falsification of business records in connection with a credit inquiry by the GM Financial Defendants (which appears to be her *modus operandi*), the affidavit of Jonathan Hernandez confirms that a permissible inquiry was submitted in connection with plaintiff's application to purchase a vehicle from Karp Automotive. The permissible inquiry was submitted on plaintiff's behalf, with plaintiff's consent authorization. See Exhibit D; See also, Affidavit of Jonathan Hernandez at ¶¶ 4-9.

---

[2] It should be noted that the affidavits that were signed by individuals other than Counsel, were all uploaded and filed with original signatures.

Although in considering Defendants' Rule 12(b)(6) motion to dismiss, this court "must accept as true all of the allegations contained in [her] complaint, that tenet is inapplicable to legal conclusions." See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). This court "need not accord legal conclusions, deductions or opinion couched as factual allegations a presumption of truthfulness." In re NYSE Specialist Securities Litigation. 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.) (internal quotation marks and alterations omitted). This court need not deem as true those allegations which make "no sense, or that would render a claim incoherent, or that are contradicted either by statements in the Complaint itself of documents upon which its pleadings reply, or by facts of which the Court may take judicial notice. In re Livent, Inc. Noteholders Securities Litigation, 151 F.Supp2d 144 (S.D.N.Y. 2001).

Accordingly, those allegations contained in the complaint which are mere legal conclusions as well as the numerous, unsubstantiated assertions of fraud, deceit, conspiracy and other criminal conduct must be disregarded.

Plaintiff has failed to submit documentary evidence in admissible form sufficient to refute defendants' entitlement to the dismissal of plaintiff's complaint. Her opposition papers undeniably establish lack of a viable claim and nothing more than an intent to harass.

### POINT VI.   Plaintiff's Opposition Papers And Prior Lawsuits Are A Prime Example Of A Vexatious Litigant

Plaintiff's filings in the instant matter, coupled with the countless various other baseless lawsuits previously filed by Plaintiff, support a finding that she is a vexatious litigant. Plaintiff has inappropriately used this frivolous litigation to harass Defendants. Now, plaintiff is vilifying Defendants' counsel in an attempt to intimidate and harass Defendants. A review of Plaintiff's prior filings against other attorneys, law firms and judges, reveal that she regularly files actions

and uses the court as a platform to further her own specious agenda. Such conduct harasses innocent parties and is a waste and abuse of judicial resources and must be discouraged.

Rule 11 makes it sanctionable for litigants to knowingly file frivolous papers designed to harass other parties or create unnecessary delay or cost in a matter. See Fed.R.Civ.P. 11. As the Second Circuit indicated in Safir v. United States Lines, Inc., 792 F.2d 19, 23-24 (2d Cir. 1986), a district court possesses the authority, in appropriate circumstances, to enjoin a person from filing further vexatious litigation. A "district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." Id. at 24; This authority extends to *pro se* litigants. Yosef v. Passamaquoddy Tribe, 876 F.2d 283, 287 (2d Cir. 1989); McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988); Fariello v. Campbell, 860 F.Supp. 54, 71 (E.D.N.Y. 1994).

In issuing an injunction against a vexatious litigant, the district court does not apply traditional standards for injunctive relief, i.e. irreparable injury and inadequate remedy at law. In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984). Instead, a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel is enough. Id.

When court proceedings do not result in Plaintiff's favor, she, upon information and belief, routinely makes similar ludicrous and unfounded yet serious allegations, like in the instant matter against Defendants, the courts, judges, court employees and her adversaries' attorneys. Plaintiff even went so far as to attempt to file criminal charges against the judges and courts of this state. See Exhibits "J" and "K".

Although said attempts proved fruitless, it has been noted that every paper filed, no matter how frivolous, requires some portion of the institutions limited resources. In Re

McDonald, 489 U.S. 180, 184 (U.S. 1989). Thus, it is the responsibility of the court to ensure that resources of the state are allocated in a way that promotes the interests of justice and prevents the type of frivolous conduct Plaintiff has and is engaging in. Id.

All told, the aforesaid matters are prime examples of Plaintiff's improper and outrageous conduct in wasting judicial resources with unsupported filings and false accusations against innocent parties of with no good faith basis, other than to possibly further her own agenda and harass the parties.

When eliminating Plaintiff's outrageous and unfounded red-herring accusations contained in her opposition papers, it is clear that Plaintiff's complaint contains unsupported, conclusory allegations of wrongdoing without any evidentiary support whatsoever. Such claims have been refuted by documentary evidence in support of the instant motion to dismiss. Plaintiff's opposition fails to establish that Plaintiff has any viable claim for relief and thus Defendants' motion to dismiss Plaintiff's claim must be granted.

## CONCLUSION

For the foregoing reasons, this Court should issue an order pursuant to FRCP 12(b)(6) dismissing plaintiff's complaint in its entirety with prejudice and awarding Defendants such other and further relief this Court may deem just and proper, including costs and attorneys' fees incurred herein.

Dated: Syosset, New York
      October 25, 2013

                                Yours etc.,
                                **SIMMONS JANNACE, LLP**

                                By:     /s/ George C. Fontana Jr.
                                      George C. Fontana Jr. (GF-1802)
                                Attorneys for Defendants
                                DANIEL E. BERCE, IDNVIDICUALLY AND AS
                                PRESIDENT AND CHIEF EXECUTIVE

OFFICER OF GM FINANCIAL AND GM FINANCIAL, SUBSIDIARY OF GENERAL MOTORS HOLDINGS LLC
**Office & P.O. Address:**
115 Eileen Way, Suite 103
Syosset, New York 11791
(516) 802-0630